**MERCHANTS MORTGAGE & TRUST CORP., Plaintiff-Appellee,**

v.

**Ivan R. and Molly H. JENKINS, Defendants-Appellants.**

**No. 82SA358.**

Supreme Court of Colorado, En Banc.

March 7, 1983.

Davis, Morehead & Ceriani, Luther K. Branting, Gary J. Ceriani, Denver, for plaintiff-appellee.

Inman & Flynn, P.C., H. Christopher Clark, Denver, for defendants-appellants.

LOHR, Justice.

The defendants, Ivan and Molly Jenkins, appeal from a judgment of the Denver District Court holding them liable to the plaintiff, Merchants Mortgage & Trust Corporation, on a promissory note. The defendants challenge the judgment solely on the ground that the trial judge had no authority to decide the case after he had taken office as a judge of the Colorado Court of Appeals.[1] We agree that the judgment is void, and we remand the case to the district court for further proceedings.

Merchants Mortgage & Trust Corporation filed a complaint in Denver District Court to collect on a promissory note executed by the defendants. The case was tried to the court before the Honorable Howard M. Kirshbaum on November 8 and 9, 1979. After trial, the judge took the matter under advisement. He was later appointed to the Colorado Court of Appeals and was sworn in as a judge of that court on January 11, 1980. On May 5, 1980, Judge Kirshbaum issued written findings of fact and conclusions of law and ordered judgment against the defendants.

The defendants did not immediately challenge the judge's authority to act, but instead filed a motion for a new trial on other grounds on May 27, 1980. The plaintiff also filed a post-trial motion, seeking to alter or amend the judgment to allow recovery of its costs and attorney fees. On November 14, 1980, Chief Justice Paul V. Hodges issued an order pursuant to *Colo. Const.* Art. VI, § 5(3) appointing Judge Kirshbaum to hear and rule on the post-trial motions.[2] The defendants then filed two additional motions, entitled "Objection to Jurisdiction" and "Motion to Void Judgment." In the first motion, the defendants asked that Judge Kirshbaum decline to hear any post-judgment motions, arguing that *Colo. Const.* Art. VI, § 5(3) does not authorize the chief justice to assign a court of appeals judge to perform judicial duties in a district court. In the second motion, they contended that the judgment of May 5, 1980, was void for lack of jurisdiction, again because the Colorado Constitution does not allow a court of appeals judge to be assigned to sit as a district court judge. On January 8, 1981, Judge Kirshbaum recused himself, and the case was reassigned to Denver District Judge Harold D. Reed to hear and determine all post-trial motions. Judge Reed denied the defendants' motions to void the judgment and for a new trial, and granted the plaintiff's motion to alter or amend the judgment to include its costs and attorney fees. The defendants then

---

1. The appeal was originally filed in the court of appeals and was transferred to this court under section 13–4–110(1)(a), C.R.S. 1973.

2. The record does not reveal the circumstances giving rise to this order of the chief justice.

brought this appeal. We conclude that the May 5, 1980, judgment is void and must be vacated.[3]

■ Absent constitutional or statutory authorization, a former district court judge does not have authority to act in a judicial capacity, and orders entered by such a person after he ceases to be a district court judge are void. *See Olmstead v. District Court,* 157 Colo. 326, 403 P.2d 442 (1965) (a ·district court judge whose term of office has expired lacks power to entertain a post-trial motion although he heard legal argument on the motion while still a judge). When Judge Kirshbaum made his decision, neither this court nor the chief justice had authorized such action. Since the chief justice's order of November 14, 1980, was expressly limited to the post-trial motions filed after the May 5, 1980, judgment, it provides no authority to support the judge's May 5 action.[4]

■ Because the judgment is void, the plaintiff's argument that the judgment should not be reversed because of procedural error having no prejudicial effect on the parties is inapposite. We also reject the plaintiff's argument that the defendants should be estopped from challenging the validity of the judgment because they acquiesced in its effectiveness until the chief justice's order was issued several months later. The plaintiff's reliance on *In Re Estate of Lee v. Graber,* 170 Colo. 419, 462

P.2d 492 (1969) for its estoppel argument is misplaced. In that case, we held that a person who invokes the jurisdiction of a court, obtains a decree, and acquiesces in the judgment for several years cannot assert its invalidity in a later action on the basis that the first court had exceeded its authority because the amount in controversy exceeded its jurisdictional limit. On the facts before us, we decline to extend the holding of *Lee v. Graber* to a situation where the defendant challenges the judgment on the ground that the judge had no power to order it. We held in *Olmstead v. District Court, supra,* that the parties by their actions cannot confer power on a former judge who has no authority to act. 157 Colo. at 330, 403 P.2d at 443.

We vacate the district court judgment and remand the cause to that court for a new trial.[5]

ROVIRA, J., does not participate.

---

**3.** Judge Reed did not purport to confirm Judge Kirshbaum's findings, conclusions and judgment but instead properly confined his judicial action to ruling on post-trial motions. Thus, the validity of the final judgment depends entirely upon the efficacy of the former judge's May 5 ruling. We also note that Judge Reed was of the opinion that Judge Kirshbaum had no authority to enter the May 5 judgment. However, Judge Reed considered the chief justice's November 14, 1980, order with respect to post-trial motions to be an implicit ruling to the contrary by this court.

**4.** We express no opinion on the extent of this court's authority to authorize a judge who has left office for reasons other than retirement to complete matters begun while in office. *See*

*Colo. Const.* Art. VI, §§ 2, 5(3), 18. Where, as here, action has been taken without prior authorization, and is challenged by a party to the litigation, we do not consider it appropriate to validate the action retroactively even if constitutionally permitted. We also need not address the defendants' alternate argument that the Colorado Constitution does not authorize temporary assignment of court of appeals judges but only those judges specifically enumerated in Article VI, §§ 5(3) and 18.

**5.** C.R.C.P. 63, authorizing a successor judge to entertain motions without a new trial after findings of fact and conclusions of law have been filed, does not apply to a situation where such findings and conclusions are void.