The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael A. RODRIGUEZ,
Defendant–Appellant.

No. 89CA0139.

Colorado Court of Appeals,
Div. V.

Sept. 20, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Norm Townsend, Deputy State Public Defender, Steamboat Springs, for defendant-appellant.

Opinion by Judge REED.

Defendant, Michael A. Rodriguez, appeals from a judgment of conviction entered on a jury verdict finding him guilty of possession and distribution of a schedule II controlled substance. We affirm.

Defendant's trial for these felony violations was held in the district court. It was presided over by a county judge of that

judicial district assigned to hear the case by the chief judge of the district.

During voir dire, a potential juror was challenged for cause because of family relationship to defendant through marriage. The trial court, in denying defendant's motion for new trial, ruled that the family affiliation alone was not sufficient to warrant challenge for cause, but nonetheless upheld the challenge on other grounds. The trial court also limited, in certain respects, defendant's opening statement.

## I.

■ Defendant first contends that the county court judge did not have authority to preside over this felony trial. We disagree.

The chief justice of the supreme court is the executive head of the judicial system. Colo. Const. art. VI, § 5(2). One of the powers granted to him is to assign a county judge to any other court "[a]s hereafter may be authorized by law." Colo. Const. art. VI, § 5(3).

Implementing this constitutional provision, § 13–6–218, C.R.S. (1987 Repl.Vol. 6A) grants statutory authority to the chief justice to assign a qualified county judge to perform judicial duties in any district court. The qualification requirement is that the assigned county judge has been licensed to practice law in the state for five years.

Further, the chief justice is empowered to delegate his administrative powers to the chief judges of the judicial districts. Colo. Const. art. VI, § 5(4). As pertinent here, Directive 85–01, issued by a chief justice, provides that the chief judge may assign qualified county judges to the district court when necessary.

Here, there is no contention concerning the qualifications of the assigned judge. Rather, it is the sole contention that the assignment is invalid because it was not done by the chief justice personally. We are not persuaded.

Defendant's reliance upon *Merchants Mortgage & Trust Corp. v. Jenkins,* 659 P.2d 690 (Colo.1983) is misplaced. In *Merchants,* the presiding judge was no longer a district judge at the time of his decision. He had not been assigned to the case to issue a decision nor could he have been so assigned.

The power of assignment relates to the procedure by which the judicial system functions. It involves none of the substantive rights of the litigants. Accordingly, we conclude that the assignment of county judges to perform district court duties is administrative in nature for which the power of delegation is constitutionally provided and further conclude that that procedure was followed here.

We discern no conflict between the statute and the directive. The statutory prerequisites for assignment to perform district court duties are the same as the requirements set forth in the directive.

## II.

Defendant next contends that the trial court erred in excusing a juror for cause and then denying his motion for a new trial on grounds neither articulated nor relied upon at trial. We disagree.

■ A trial court has considerable discretion in granting a challenge for cause based upon enmity or bias. *People v. Russo,* 713 P.2d 356 (Colo.1986). A juror's indication of bias is a factor to consider in evaluating a challenge for cause. *People v. Abbott,* 690 P.2d 1263 (Colo.1984).

■ Here, the prospective juror indicated that even if the evidence showed guilt beyond a reasonable doubt, she would hesitate in finding guilt. Thus, sufficient grounds existed for excusing the juror for cause. *See People v. Russo, supra;* § 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A).

■ Under such circumstances, any error in the court's initially sustaining the challenge for cause on the basis of a familial relationship was harmless. The trial court found, with record support, that the juror was biased as a ground to excuse her for cause. *See* § 16–10–103(1)(j). Thus, there did exist a permissible ground upon which the juror could have been dismissed, and defendant was not prejudiced by the challenged ruling. *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977).

### III.

Defendant lastly contends that the trial court erred by preventing him from making certain assertions during his opening statement. We disagree.

A trial court's determination of what will be allowed in an opening statement will not be overturned absent an abuse of discretion. *People v. Bustos*, 725 P.2d 1174 (Colo.App.1986). We find no abuse of discretion in the court's restrictions.

Although the trial court somewhat limited defendant's opening statement, the information that he sought to introduce was ultimately admitted through testimony, and therefore, the court's rulings concerning the opening statement were not prejudicial in any event. *See People v. Davenport*, 43 Colo.App. 41, 602 P.2d 871 (1979).

The judgment is affirmed.

CRISWELL and VAN CISE,* JJ., concur.