In re the **MARRIAGE OF Renee Cynthia STRESS, n/k/a Renee Cynthia Penton, Appellee and Cross–Appellant,**

and

**James William Stress, Jr., Appellant and Cross–Appellee.**

No. 95CA1836.

Colorado Court of Appeals,
Div. A.

May 1, 1997.

Rehearing Denied May 29, 1997.

the trial court's denial of her request for attorney fees. We remand for further findings on the order modifying child support and affirm the order denying attorney fees.

Father's employer transferred him to Canada. This resulted in father receiving financial compensation in addition to his salary consisting of: (1) a foreign service premium and a commodities and service allowance to offset the cost of living in a foreign locale and (2) the payment by the employer of father's Canadian income taxes. Both the foreign service premium and the commodities and service allowance were paid directly to father as a portion of his semi-monthly paycheck. The Canadian tax payment, referred to as "expatriate tax equalization" was credited in a lump sum to father's final paycheck each year, and at the same time deducted for payment of father's Canadian income taxes.

In 1992, in accordance with a prior agreement between the parties, mother requested information from father concerning his income, for a possible modification of child support to commence June 1993. Father did not comply with mother's request until she brought a contempt action. Thereafter, when the parties were unable to agree upon father's income for purposes of calculating child support, in 1994, mother filed a motion to modify child support and for an award of costs and attorney fees. Following evidentiary hearings, the court issued orders determining father's gross income for 1993 and 1994 and modifying his child support obligation accordingly. This resulted in an increase in child support from $1434 per month to $1780 for eleven months and then to $1903 thereafter. However, because the trial court determined that mother had presented no evidence in support of her request for an award of costs and attorney fees, the court denied her motion.

Marjorie J. Sommer, Denver, for Appellee.

Polidori, Gerome, Franklin & Jacobson, LLC, Peter L. Franklin, Lakewood, for Appellant.

Opinion by Chief Judge STERNBERG.

In this post-dissolution of marriage proceeding, James William Stress, Jr., (father) appeals from the orders of the trial court modifying his child support obligation, and Renee Cynthia Stress (mother) cross-appeals

I.

Father first contends that the trial court erred in its determination of his gross income. We disagree.

The basic child support obligation is determined by applying the statutory schedule set forth in § 14–10–115(10)(b), C.R.S. (1996

Cum.Supp.) to the actual gross income of the parents. Gross income, as defined by § 14–10–115(7)(a), C.R.S. (1996 Cum.Supp.), includes income from "any source," with the limited and specified exclusion of funds received from public assistance or voluntary overtime pay. *See In re Marriage of Campbell,* 905 P.2d 19 (Colo.App.1995) (exceptions to sources of income available for payment of child support limited to those enumerated in the statute).

### A.

■ We perceive no basis under the statute upon which the trial court could exclude from father's gross income the monies paid directly to him to compensate for the cost of living in a foreign locale. Such monies serve the same function as the balance of father's compensation, that is, to fund his chosen lifestyle and financial obligations in the geographic area in which he resides.

### B.

■ Primarily at issue on appeal is father's contention that the tax equalization payment is only "phantom income" which is not reasonably available to him for child support payments and, thus, is not properly included in his gross income for child support purposes. We are not persuaded.

Instead, we agree with the conclusion of the trial court, as supported by the testimony of mother's expert witness, that the tax equalization payment constituted a lump-sum addition to salary to offset a lump-sum withholding tax. That father did not actually receive the lump-sum payment prior to its submission to the Canadian tax authorities is no different in effect from the more common system of incremental withholding for tax purposes throughout the year. Incremental taxes withheld are also income which is unavailable to the recipient, unless eventually returned in the form of a tax refund.

■ One purpose of the child support guideline is to make awards more equitable by ensuring more consistent treatment of persons in similar circumstances. Section 14–10–115(3)(c)(II), C.R.S. (1987 Repl.Vol. 6B). A division of this court has determined that § 14–10–115(7)(a), C.R.S. (1996 Cum. Supp.) does not provide for deduction of federal and state income taxes or FICA taxes in computing gross income for purposes of calculating child support. *In re Marriage of Baroni,* 781 P.2d 191 (Colo.App.1989). We are not aware of any authority that would require an inconsistent treatment of father's Canadian income taxes.

Therefore, the trial court did not err in determining that, for purposes of calculating father's child support obligation, his gross income included the foreign service premium, the commodities and services allowance, and the expatriate tax equalization payment. *Cf. In re Marriage of Eaton,* 894 P.2d 56 (Colo. App.1995) (the fact that certain items may be deductible on a party's federal income tax return does not require exclusion from gross income under the child support guideline).

### II.

Contrary to father's assertion, the trial court did not find that he paid no United States income tax. Rather, the trial court found, with record support, that the U.S. income tax paid by father was almost wholly refunded to him as an effect of the foreign tax credit on his U.S. tax liability. This finding is unaffected by the fact that father paid to his Canadian employer a sum based upon his hypothetical U.S. tax liability, which the employer then applied to the payment of his Canadian taxes.

Further, because father's gross income for purposes of child support is calculated on his pre-tax income, the payment or refund of taxes to father is irrelevant.

### III.

We reject father's contention that the trial court abused its discretion by declining to deviate from the child support guideline.

■ The determination of child support is within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. *In re Marriage of Mizer,* 683 P.2d 382 (Colo.App.1984).

The child support guideline, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), establishes a re-

buttable presumption of the child's reasonable needs and the manner in which basic and extraordinary support is to be divided between the parents. *In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990). The court may deviate from the guideline if application would be inequitable, unjust, or inappropriate and if such deviation is supported by adequate findings. Section 14–10–115(3)(a), C.R.S. (1996 Cum.Supp.).

■ The burden is upon the parent contesting the support order to prove that a deviation from the presumptive award is both reasonable and necessary. *People in Interest of C.D.,* 767 P.2d 809 (Colo.App.1988).

Father argues that a deviation from the guideline was warranted by evidence that: (1) his income did not increase as a result of his foreign employment; (2) he currently had no greater net income available to meet his children's needs; and (3) the amount of child support he was required to pay exceeded the total documented needs of his children, thus allowing mother to avoid any financial responsibility toward the children and providing her with a "windfall."

Because we have concluded that the trial court correctly determined father's income, we reject father's argument that he did not get a pay increase upon his transfer to Canada. And, because application of the child support guideline is premised upon a determination of gross income, we likewise reject father's argument that his net income is dispositive. Section 14–10–115(7)(a), C.R.S. (1996 Cum.Supp.). Further, we note that father's net income is substantially affected by certain non-cash benefits and expense reimbursements, as well as by various options he has selected which preclude the payment of sums of money directly to him.

■ Father correctly notes that the increased child support he was ordered to pay exceeded the total amount currently expended for the children's support, as reflected by mother's financial affidavit. However, a modification of child support based upon substantial and continuing changed financial circumstances, as here, necessarily contemplates that the standard of living of the children may also change. *See In re Marriage*

*of Nimmo,* 891 P.2d 1002 (Colo.1995) (children are entitled to enjoy the fruits of one parent's good fortune after a divorce and are not locked into a single standard of living until emancipation).

Finally, the record does not support father's argument that mother has been relieved of her financial obligation to support her children. Rather, the trial court ordered that mother, like father, pay child support calculated upon her income, pursuant to the child support guideline.

Hence, we perceive no abuse of discretion in the trial court's failure to deviate from the child support guideline.

## IV.

■ Finally, father contends that the trial court erred in ordering that his monthly child support obligation increase from the June 1993 level of $1780 to the June 1994 level of $1903. Specifically, father argues that neither the agreement of the parties nor any findings by the court support this deviation from the statutory guideline. We agree that this ruling must be reconsidered.

■ Application of the child support guideline to the circumstances of the parties at the time of filing a motion for modification which results in less than a ten percent change in the amount of support due per month must be deemed not to be a substantial and continuing change of circumstances justifying a modification of child support. Section 14–10–122(1)(b), C.R.S. (1987 Repl. Vol. 6B).

Even so, if a party can establish facts and circumstances that justify a modification of less than ten percent, the court may modify child support, provided it makes specific findings of fact to justify the deviation from the statutory guideline. *In re Marriage of Ford,* 851 P.2d 295 (Colo.App.1993).

Initially, we note that father correctly asserts that the prior agreement of the parties regarding modification of child support requires application of the statutory guideline. And, based upon the record before us, we are unable to ascertain the basis for the trial court's deviation from the guideline in order-

ing the 1994 increase in child support. Consequently, we must remand the matter to the trial court for further findings setting forth the reasons the trial court deviated from the statutory guideline.

The current order shall remain in effect pending the trial court's reconsideration and issuance of findings justifying the 1994 increase in child support or, if appropriate, entry of a new order.

## V.

On cross-appeal, mother contends that the trial court abused its discretion in denying her motion for attorney fees pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B) or, in the alternative, § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). We do not agree.

## A.

■ Mother's request for an award of attorney fees pursuant to § 14–10–119 was made in her motion for modification of child support. Therefore, her reliance upon C.R.C.P. 121 § 1–22, which applies to requests for attorney fees made at the conclusion of an action, is misplaced. Further, C.R.C.P. 121 § 1–22 (Comment 2) states that: "[U]nless otherwise ordered by the court, attorney fees under C.R.S. 14–10–119 should be heard at the time of the hearing on the motion or proceeding for which they are requested."

Here, the record contains no indication from the court that it intended to consider this issue at a later date. Nevertheless, at the hearing, mother advanced no argument, made no offer of proof, and presented no evidence concerning attorney fees. Specifically, there was no evidence regarding the amount or reasonableness of attorney fees, no attorney fee affidavit, and no debt for attorney fees or expert witness fees reflected on mother's financial affidavit.

Hence, because there was no evidentiary basis upon which the trial court could have made an award of attorney fees, the court

did not abuse its discretion in denying mother's motion for such an award.

## B.

Implicit in the trial court's denial of mother's motion for attorney fees pursuant to § 13–17–102 is its finding that father's defense of her motion for modification was not frivolous or groundless. Such a determination is one of fact for the trial court, and if, as here, adequately supported by the record, may not be disturbed on appeal. *See In re Marriage of Oberg*, 900 P.2d 1267 (Colo.App. 1994).

The cause is remanded for further proceedings consistent with this opinion concerning modification of the child support order. The order denying attorney fees is affirmed.

PIERCE* and TURSI*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).