The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Gary **TORKELSON**, Defendant–Appellant.

No. 96CA0087.

Colorado Court of Appeals,
Div.II.

May 14, 1998.

Rehearing Denied May 28, 1998.

Certiorari Denied Jan. 25, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, M. Catherine Duba, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge TAUBMAN.

Defendant, Gary Torkelson, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child by one in a position of trust. We remand for further proceedings.

Trial of the charges against defendant began on March 27, 1995 in the district court in Grand County. On March 31, 1995, after jury deliberations had begun, the trial court excused the jury for the weekend and ordered it to return to continue deliberations on Monday, April 3, 1995. Thereafter, the presiding district court judge informed counsel that he would not be present on Monday and "that means that the County Court Judge will be here to take the verdict, or handle any matters that come up." The judge informed counsel that he would handle by telephone conference any questions raised by the jury.

On April 3, 1995, a Routt County Court Judge received and accepted the verdict of the jury and, thereafter, polled the jurors. That judge then discharged the jury and entered a minute order reflecting the jury's verdict.

This appeal followed.

Defendant contends that because the district court judge, rather than the chief judge of the judicial district, delegated to the county court judge the responsibility of reading the verdict, polling the jurors, accepting the verdict, and discharging the jury, such delegation was improper and, therefore, the resulting verdict must be vacated for lack of lawful judicial authority. Because we cannot determine under what authority, if any, the county court judge acted when he took the verdict in defendant's case, we conclude that the matter must be remanded for entry of findings, and if necessary, the submission of additional evidence, so that the trial court may resolve any contested factual issues.

■ Any action taken by a court when it lacks jurisdiction is a nullity. *People v. Dillon*, 655 P.2d 841 (Colo.1982). A party cannot consent to or waive jurisdiction when a court does not have jurisdiction. Nor can a court confer jurisdiction upon itself when it has none. *See Evans v. District Court*, 194 Colo. 299, 572 P.2d 811 (1977). Jurisdictional defects may be raised at any time, including for the first time on appeal. *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978).

■ Thus, even though defendant agreed in the trial court to having the county court judge take the verdict and even though he raises his constitutional claim for the first time on appeal, we, nevertheless, consider the merits of his argument. *See Merchants Mortgage & Trust Corp. v. Jenkins*, 659 P.2d 690 (Colo.1983) (rejecting plaintiff's argument that defendants should be estopped from challenging the validity of the judgment because they acquiesced in its effectiveness); *Olmstead v. District Court*, 157 Colo. 326, 403 P.2d 442 (1965) (parties by their actions cannot confer power on a former judge who has no authority to act).

Colo. Const. art. VI, § 9(1), provides:

The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have

such appellate jurisdiction as may be prescribed by law.

Also, Colo. Const. art. VI, § 17, provides:

County courts shall have such civil, criminal, and appellate jurisdiction as may be provided by law, provided such courts shall not have jurisdiction of felonies. . . .

■ However, any county court judge who has been licensed to practice law in Colorado for five years may be assigned by the chief justice of the supreme court to perform judicial duties in any district court. Section 13–6–218, C.R.S.1997. *See also People v. Rodriguez,* 799 P.2d 452 (Colo.App.1990).

■ The chief justice is empowered to delegate his or her administrative powers to the chief judges of the judicial districts. Colo. Const. art. VI, § 5(4). *See People v. Rodriguez, supra.* Additionally, Chief Justice Directive 95–01, 5 (*see* Appendix) provides, *inter alia,* that a chief judge may assign qualified county judges to the district court when necessary.

In *Rodriguez,* the court upheld the authority of a chief judge of a judicial district to appoint a county court judge to act in a felony matter. There, defendant argued that the assignment was invalid because it was not done by the chief justice personally. The *Rodriguez* court concluded:

The power of assignment relates to the procedure by which the judicial system functions. It involves none of the substantive rights of the litigants. Accordingly, we conclude that the assignment of county judges to perform district court duties is administrative in nature for which the power of delegation is constitutionally provided and further conclude that that procedure was followed here.

*People v. Rodriguez, supra,* 799 P.2d at 453.

■ When a suit is brought and determined in a court that has no jurisdiction in the matter, it is said to be *coram non judice,* and the judgment is void. *Coram non judice* literally means in the presence of a person not a judge. *Black's Law Dictionary* 337 (6th ed.1990).

Consequently, when a judge who has no power or authority to enter any order or judgment presides over a case, there is a defect of "basic and fundamental nature such that it cannot go unnoticed or be overlooked." *Olmstead v. District Court, supra,* 157 Colo. at 329, 403 P.2d at 443.

■ For purposes of the Sixth Amendment, jury deliberations and the return of the jury verdict are critical stages of a criminal trial. *See People v. Johnson,* 802 P.2d 1105 (Colo.App.1990), *rev'd on other grounds,* 815 P.2d 427 (Colo.1991).

■ Even if taking the verdict and polling the jury are not considered critical stages of the trial for purposes other than the Sixth Amendment, a judgment entered following such actions by a county court judge acting without authority is void and must be reversed. *See Merchants Mortgage Trust v. Jenkins, supra,* 659 P.2d at 692 ("Because the judgment is void, the plaintiff's argument that the judgment should not be reversed because of no prejudicial effect on the parties is inapposite").

Thus, if the county court judge here was not assigned to defendant's case pursuant to constitution, statute, or chief justice directive, the county court judge's actions as a district court judge would be *coram non judice* and the judgment void. *See Merchants Mortgage & Trust Corp. v. Jenkins, supra* (no judicial authority for former district court judge to render decision on case after he was appointed to court of appeals where neither supreme court nor chief justice had authorized such action; orders entered after he ceased to be a district court judge are void). However, there are no factual findings regarding the manner in which the county court judge was assigned to take the verdict at defendant's trial.

Here, after the trial court informed counsel that a county court judge would take the verdict when proceedings resumed on Monday, the following exchange then took place:

Prosecutor: And the county court judge is going to be Judge Garrecht?

He's—he's the judge that is doing all the trials next week?

The Court: Right. He's going to be here, and I think he's the only judge that is

going to be here. *I guess* we'll make him an acting district court judge for this case. (emphasis added)

Pursuant to Chief Justice Directive 95–01, there are several methods by which a county court judge may be assigned to a district court case. For example, the chief judge of the judicial district may delegate day-to-day administrative operations, including case assignment, to the district administrator. Additionally, the chief judge may designate an acting chief judge in his or her absence or the chief judge or designee may reassign cases to courts or divisions within the courts and may delegate the reassignment power to presiding judges in specialized court divisions. Chief Justice Directive 95–01, 2, 3, 5, and 7 (*see* Appendix).

■ In the absence of a complete record, appellate courts must presume that the actions of the trial court were correct. *Till v. People,* 196 Colo. 126, 581 P.2d 299 (1978).

Here, defendant has designated portions of the record that would support an inference that the county court judge's assignment was not proper. Specifically, defendant notes the district court judge's statement, "I guess we'll make him [the county court judge] an acting district court judge for this case." Additionally, the county court judge indicated during the Monday proceedings that, "[A]ll I'm doing is being an intermediary...." Under these circumstances, defendant has overcome the presumption that the appointment was proper.

■ Because the record is ambiguous on this issue, we cannot determine whether the county court judge was acting with the authority of a properly appointed acting district court judge. Accordingly, the matter must be remanded for the trial court to make factual findings regarding the manner in which the county court judge was assigned to take the verdict in this case. The trial court in its discretion may allow the parties to submit additional evidence concerning this issue.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

The cause is remanded for the trial court to make appropriate findings and conclusions as to whether the county court judge had authority to preside over the case pursuant to Chief Justice Directive 95–01. If the trial court concludes that the county court judge was acting without jurisdiction, the judgment shall stand reversed and defendant is entitled to a new trial. If, however, the trial court concludes that the county court judge's appointment was proper, the record and judgment of conviction shall be recertified to this court for consideration of the remaining claims of error asserted by defendant.

JONES and TURSI*, JJ., concur.

**APPENDIX**

SUPREME COURT OF COLORADO

Office of the Chief Justice
AUTHORITY AND RESPONSIBILITY
OF CHIEF JUDGES

Chief Justice Directive 95–01

[relevant portions]

2. *Delegation of Authority*

The chief judge may delegate authority for day-to-day administrative operations of the district and county courts to the district administrator, whose responsibilities may include: case assignment, ... court operations, jury management or other duties as required by statute.

. . . .

3. *Appointment of Acting Chief Judge*

The chief judge may designate an acting chief judge during any absence of the chief judge.

. . . .

5. *Assignment of Judges*

The chief judge has authority to assign district and county court judges in accordance with the following guidelines.

and § 24–51–1105, C.R.S.1997.

. . . .

b. Qualified county judges may be assigned to any court in the district when necessary and when funds are available; and

c. A judge may be assigned to a particular court, or to a division within a court, to try a specific case, or hear or decide all or any part of a case.

. . . .

7. *Case Assignment and Calendaring Procedures*

The chief judge or designee may reassign cases to courts or divisions within the courts and may delegate the reassignment power to presiding judges in specialized court divisions. The chief judge may delegate authority to assign or reassign cases to the district administrator.