In re the **MARRIAGE OF** Beverly **GLENN, Appellee,**

and

Burt Glenn, Appellant.

No. 01CA1945.

Colorado Court of Appeals, Div. II.

Nov. 7, 2002.

776

Kenneth J. Miller, Oak Creek, Colorado, for Appellee.

Leslie A. Goldstein, Steamboat Springs, Colorado, for Appellant.

Opinion by Judge JONES.

In this post-dissolution of marriage proceeding, Burt Glenn (father) appeals from the orders of the trial court modifying his child support obligation. We affirm in part, reverse in part, and remand with directions.

Beverly Glenn (mother) filed a motion to modify child support on March 16, 2001, seeking to increase the father's support obligation from $401 per month to $1397 per month. Her request was based primarily upon the father's receipt of capital gains upon the sale of property that had been awarded to him in the division of the marital estate. After a hearing, the trial court entered an order of modification requiring the father to pay child support of $1542 per month. The father filed a motion for post-judgment relief asserting that a deviation from the support guidelines was warranted in light of the parties' financial circumstances. The trial court denied the motion.

The father brings this appeal challenging both the order of modification and the trial court's denial of his request for post-judgment relief.

I.

Initially, we reject the father's contention that the county judge who issued the modification order and denied the motion for post-trial relief lacked jurisdiction.

The father argues that the record contains no documentation to support a legal determination that the county court judge was properly appointed to function in this proceeding in the capacity of a district court judge. We are not persuaded.

■ Chief Justice Directive 95–01 provides the chief judge of a district court with the authority to assign district and county court judges within the district when necessary and when funds are available. The chief judge is specifically authorized to assign a judge to a particular court, or to a division within a court, to try a specific case, or hear or decide all or any part of a case. That authority includes the power to assign a qualified county judge to the district court when necessary. *People v. Torkelson*, 971 P.2d 660 (Colo.App.1998).

In accordance with Chief Justice Directive 95–01, an order issued by the chief judge is on file in the district court, which generally grants the county court judge who presided over this proceeding the authority to hear any district court case in the capacity of an acting district court judge. The order further states that no additional authorization of any type shall be required and that the cases in which the county court judge is to sit as a district court judge may be assigned to him by a district judge, the judicial district administrator, or the clerk of the court. We also note that the record on appeal contains an order issued by a district court judge that specifically directed the mother to set this matter for hearing before the county court judge.

We, therefore, conclude that the appointment of the county court judge to preside over this matter as a district court judge comports with Chief Justice Directive 95–01 and, thereby, properly vested him with the jurisdiction necessary to adjudicate the mother's motion.

## II.

The father next contends that the trial court erred in failing to adjust his income for certain expenses that were allegedly ordinary and necessary to the realization of the capital gains received upon the sale of the properties. We agree.

The basic child support obligation is determined by applying the statutory schedule set forth in § 14–10–115(10)(b), C.R.S.2002, to the combined gross incomes of the parents. Gross income, as defined in § 14–10–115(7)(a)(I)(A), C.R.S.2002, specifically includes income from capital gains. *In re Marriage of Zisch*, 967 P.2d 199 (Colo.App. 1998). Capital gains realized from post-property division appreciation, such as the earnings received from the sale of the former family home, are to be considered income under § 14–10–115(7)(a)(I)(A). *See In re Marriage of Upson*, 991 P.2d 341 (Colo.App. 1999).

Section 14–10–115(7)(a)(II)(A), C.R.S.2002, further provides that the term "gross income," when used in reference to earnings from self-employment, rent, royalties, proprietorship of a business, or joint ownership of either a partnership or closely held corporation, means gross receipts minus ordinary and necessary expenses required to produce such income.

■ Here, although it appears that the mother acceded to the deduction of certain costs associated with the sale of the property, the trial court entered no findings indicating why such costs were not subtracted from the overall gain. The mother correctly notes that the statutory exclusion of ordinary and necessary expenses does not apply generally to capital gains, but is specifically limited to income associated with the enterprises enumerated. She submits, therefore, that the child support guidelines do not contemplate reduction of a capital gain for ordinary or necessary expenses.

However, while we acknowledge that federal or state tax rules are not definitive, *see In re Marriage of Nimmo*, 891 P.2d 1002 (Colo.1995), the basis used to calculate gains on the sale of real property is ordinarily adjusted for certain expenditures, including capital improvements. 26 U.S.C. §§ 1011(a), 1012, 1016(a)(1) (2000); *cf.* 26 U.S.C. § 121 (2000)(addressing the exclusion of gain from sale of principal residence). Although the guidelines do not explicitly allow for such an adjustment, they also do not address the

proper method for calculating the cost basis in an asset. Thus, we find nothing in the statute that precludes the court from considering an adjustment, particularly for those expenses the mother acknowledged were reasonable and should be deducted. *See In re Marriage of Crowley*, 663 P.2d 267 (Colo. App.1983)(in case decided before enactment of child support guidelines, self-employed insurance broker's ability to pay support was based upon net income after reasonable and justifiable business expenses).

Moreover, it is undisputed that the father was self-employed as a builder of custom homes and that his income during the development of the property was derived solely from the rental and sale of those properties. Consequently, we conclude that the trial court was obligated to consider the ordinary and necessary expenses incurred to sell that property under § 14–10–115(7)(a)(II)(A).

Accordingly, we remand this matter for a recalculation of child support once the court determines an appropriate adjustment for those costs it finds to be ordinary and necessary expenses.

### III.

The father next contends that the trial court erred in determining that a deviation from the child support guidelines was not warranted. We disagree with this contention.

If a modification is warranted based on the inclusion of the gain as income, the court then has authority to deviate from the child support guidelines if their application would be inequitable, unjust, or inappropriate. *See* § 14–10–115(3)(a), C.R.S.2002. Under § 14–10–115(3)(a), any deviation is to be accompanied by findings specifying the reasons for the deviation and the presumed amount under the guidelines without a deviation. *In re Marriage of Zisch, supra.*

The burden is upon the parent contesting the support order to prove that a deviation from the presumptive award is both reasonable and necessary. *In re Marriage of Stress*, 939 P.2d 500 (Colo.App.1997).

Here, the father urged the trial court to deviate from the guidelines by offsetting his capital gain against the appreciation in the marital residence that was awarded to the mother in the property division. In support, he relied upon the mother's testimony that the value of the residence had increased approximately 10% or $36,000 each year since the marital dissolution.

However, because the mother still resides in the marital home and has not "realized" any increase in value, we conclude that the trial court appropriately refused to deviate from the guidelines on this basis. *See In re Marriage of Upson, supra.* The father's reliance upon *In re Marriage of Tessmer*, 903 P.2d 1194 (Colo.App.1995), is misplaced because there, the interest and dividends earned on an IRA account, which were included in the calculation of gross income, had been applied to that account and were accessible even if subject to penalties.

The trial court also correctly accounted for the father's capital gain in the year it was received, and we perceive nothing in the record that would mandate on the basis of equity that the gain be prorated over a ten-year period as the father had requested. *See In re Marriage of Stress, supra* (no abuse of discretion resulting from trial court's failure to deviate from the child support guidelines).

The trial court's orders are reversed to the extent that they denied an adjustment for the ordinary and necessary expenses associated with the capital gain, and the case is remanded for further proceedings to recalculate the modified support as directed. In all other respects, the orders are affirmed. The current order of child support, however, shall remain in effect pending further order of the court.

Judge CASEBOLT and Judge ROY concur.