The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Natalie JOHNSON, Defendant–Appellant.

No. 01CA1509.

Colorado Court of Appeals, Div. III.

May 8, 2003.

Certiorari Denied Oct. 14, 2003.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Natalie Johnson, appeals the judgment of conviction entered after she pleaded guilty to attempted escape. We affirm.

Defendant was charged with escape from custody after she left without permission from a facility where she was serving a previous sentence for possession of a controlled substance.

Before defendant pleaded guilty to a lesser offense, she filed an "Objection to the County Court Acting Outside of Its Jurisdiction." She argued that the Colorado Constitution prohibited the county court judge from presiding over her felony case. However, the county court judge overruled the objection on the ground that she had jurisdiction over the case pursuant to the orders of the Chief Justice of the Colorado Supreme Court and the Chief Judge of Adams County. The county court judge then accepted defendant's guilty plea to attempted escape, a class five felony pursuant to § 18–8–208.1, C.R.S.2002. This appeal followed.

The sole issue on appeal is whether the county court judge properly exercised jurisdiction over defendant's felony case. We conclude that she did.

## I.

Colorado Constitution article VI, § 17 provides in pertinent part that "[c]ounty courts shall have such civil, criminal, and appellate jurisdiction as may be provided by law, provided such courts shall not have jurisdiction of felonies." Section 9 article VI provides that district courts have jurisdiction over felony cases.

However, article VI, § 5(3) states that county judges may be assigned to other courts:

> Whenever the chief justice deems assignment of a judge necessary to the prompt disposition of judicial business, [s]he may: (a) Assign any county judge, or retired county judge who consents, temporarily to perform judicial duties in any county court if otherwise qualified under section 18 of this article, or assign, as hereafter may be authorized by law, said judge to *any other court* . . . .

Section 13–6–218, C.R.S.2002, corroborates this authority when it provides that "[a]ny county judge . . . may be assigned by the chief justice of the supreme court . . . to perform judicial duties in any district court."

Furthermore, Colorado Constitution article VI, § 5(4) authorizes the chief justice to delegate such authority to the chief judges of each district as she deems appropriate: "Each chief judge shall have and exercise such administrative powers over all judges of all courts within his district as may be delegated to him by the chief justice."

Defendant argues that we should interpret § 5(3) as allowing the chief justice to assign county court judges to only those court posi-

tions that comply with the jurisdictional limits in § 17. We do not agree.

■ When interpreting the constitution, we must determine the intent of those who adopted it. That intent is first determined by looking at the language of the provision itself, giving words and phrases their commonly understood meaning. *Mason v. Adams,* 961 P.2d 540 (Colo.App.1997). It is presumed that a just and reasonable result was intended. *Smith v. Zufelt,* 880 P.2d 1178 (Colo.1994). When the language of the provision is plain and the meaning is clear, it should be interpreted and applied as written. *Southard v. Miles,* 714 P.2d 891 (Colo.1986). Furthermore, we must read all sections as a whole. *See City of Grand Junction v. Sisneros,* 957 P.2d 1026 (Colo.1998).

Although § 17 states that county courts cannot hear felonies, § 5(3) limits such prohibition and allows judges of the county courts to be assigned to other courts where judicial economy deems it necessary. Section 5(3) clearly states that the chief justice may assign county court judges to "any other court." Section 5(3) clearly allows the chief justice to assign county court judges to any court, including the district court. *See In re Marriage of Glenn,* 60 P.3d 775 (Colo.App. 2002). Moreover, the chief justice may delegate this authority to the chief judges of the districts pursuant to § 5(4).

■ Accordingly, we conclude that county court judges may sit as district court judges and exercise the jurisdiction of the district court provided that the chief justice has made such an assignment or she has delegated this authority to a chief judge who has made the assignment.

It follows, therefore, that because courts, not judges, have jurisdiction, county court judges sitting as district judges may hear cases within the jurisdiction of the district court. *See In re Marriage of Glenn, supra.*

## II.

■ We further conclude that the county judge in this case was properly assigned to hear defendant's felony case.

The Chief Justice of the Colorado Supreme Court has exercised his powers pursuant to article VI, § 5(3) in Chief Justice Directive 95–01(5)(b) which delegates to the chief judge of each judicial district the authority to appoint qualified county judges "to any court in the district when necessary."

Subsequently, the Chief Judge of Adams County authorized all county court judges to accept pleas and conduct sentencing hearings, "in all felony filings where the most serious crime the defendant pleads guilty to is a Class 4, 5, or 6 felony." Order of the Chief Judge, Seventeenth Judicial District, Adams County (Dec. 6, 2000). In doing so, the Chief Judge authorized those county court judges to sit as district judges with the jurisdiction of the district court. The order states that "[t]he County Judge, sitting as an acting District Judge, may impose whatever sentence is permitted by statute."

Here, the district attorney filed an information in the county court, which was accepted by the court. *See* § 16–5–101(1)(c), C.R.S.2002 (providing that a criminal action may be commenced in the county court). The county court's minute order states that after defendant entered her objection to jurisdiction, the county judge, "acting as a district court judge, by appointment of the chief of the judicial district[,] accept[ed] [the] felony plea." The judge then entered a written judgment of conviction in the district court.

Based on the record before us, it is clear that the county court judge was acting under authority from the Chief Justice of the Colorado Supreme Court delegated to the Chief Judge of the Seventeenth Judicial District. We thus conclude that at the time of the acceptance of the plea and sentencing, the county court judge, acting as a district court judge, exercised lawful jurisdiction of the district court.

Accordingly, we conclude the county court judge did not err when it denied defendant's motion based on lack of subject matter jurisdiction.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge WEBB concur.