The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Tracy L. WEBB–JOHNSON,
Defendant–Appellant.

No. 03CA0886.

Colorado Court of Appeals,
Div. II.

Jan. 13, 2005.

Certiorari Denied May 31, 2005.

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

NIETO, J.

Defendant, Tracy L. Webb–Johnson, appeals the order granting deferred judgment and sentence and the restitution order entered upon her guilty plea to contributing to a hazardous substance incident. We affirm.

Defendant pleaded guilty to one count of contributing to a hazardous substance incident, a class five felony, in exchange for dismissal of other charges against her and a three-year deferred judgment and sentence. Defendant also agreed, as part of her plea agreement, "to make restitution or reparation to the victims of her conduct." Following a hearing on the matter, the trial court ordered defendant to pay her employer, Groendyke Transport, Inc., $89,313.63 in restitution. This appeal followed.

I.

Defendant contends that the trial court erred in ordering her to pay restitution to Groendyke because Groendyke is not a victim for purposes of restitution. More specifically, defendant argues that a plain reading of the statute defining the term "victim" discloses that a victim is a person, not an entity. Moreover, defendant contends, even if an entity can be a victim for purposes of restitution, the trial court erred in ordering her to pay Groendyke restitution for medical expenses, which the prosecution failed to establish had actually been paid. We disagree.

Statutory interpretation is a matter of law that is reviewed de novo. When construing statutes, the court's goal is to give effect to the intent of the General Assembly. Constructions that defeat the obvious legislative intent should be avoided. Courts should attempt to give effect to all parts of a statute, and constructions that would render part of the statute meaningless should be avoided. *People v. Pahlavan,* 83 P.3d 1138 (Colo.App. 2003).

"Restitution," as defined in § 18–1.3–602(3)(a), C.R.S.2004, is "any pecuniary loss suffered by a victim, and includes but is not limited to all out-of-pocket expenses ... anticipated future expenses ... and other losses or injuries proximately caused by an of-

fender's conduct and that can be reasonably calculated and recompensed in money."

The term "victim" is defined in § 18–1.3–602(4)(a), C.R.S.2004, as "any person aggrieved by the conduct of an offender."

The term "person" is not specifically defined in § 18–1.3–602, C.R.S.2004. Nor is it generally defined elsewhere in the criminal code. However, § 2–4–401(8), C.R.S.2004, which applies "to every statute, unless the context otherwise requires," defines the term "person" as "any individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, limited liability company, partnership, association, or other legal entity."

### A.

We reject defendant's argument that the term "person," as it is used in § 18–1.3–602(4)(a), must be a human being. Because the context of this provision does not require otherwise, the definition of the term "person" in § 2–4–401(8), which specifically includes corporations and other legal entities, is applicable. Further, because legal entities can be harmed by criminal conduct, excluding such entities from the definition of "person" in § 18–1.3–602 would defeat the legislative intent expressed in § 18–1.3–601, C.R.S.2004.

Nor are we persuaded by defendant's argument that the General Assembly's removal of the term "entity" from the restitution statute in 2000 demonstrates the intent thereafter to exclude entities from receiving restitution. *See* Colo. Sess. Laws 2000, ch. 232, § 16–11–204.5 at 1046–47 (a victim includes "any *person or entity* who has suffered losses because of a contractual relationship"), *replaced by* § 18.1.3–602(4)(a)(victim includes "any *person* who has suffered losses because of a contractual relationship")(emphasis added). Because under § 2–4–401(8), the inclusion of the word "entity" in the restitution statute was unnecessary to begin with, its removal had no effect.

Accordingly, we conclude that the trial court properly treated Groendyke as a victim for purposes of restitution. *Cf. People v. Clay*, 74 P.3d 473, 475 (Colo.App.2003)(concluding that a "towing company [was] a 'vic-

tim' for purposes of restitution because it sustained a pecuniary loss as a result of defendant's criminal conduct and [was] therefore a person aggrieved by the offender's conduct").

### B.

Likewise, we reject defendant's argument that the trial court erred in ordering her to pay Groendyke restitution for medical expenses that the prosecution did not prove had been paid. Assuming, without deciding, the truthfulness of this assertion, we conclude that Groendyke's claimed medical expenses were properly included in the restitution order as "anticipated future expenses." *See* § 18–1.3–602(3)(a)(both "out-of-pocket expenses" and "anticipated future expenses" are recoverable in restitution).

### II.

Defendant also contends that the county court judge who entered the restitution order and deferred sentence lacked jurisdiction to do so because Colo. Const. art. VI, § 17 prohibits the Chief Justice of the Colorado Supreme Court or the chief judge of the district court from appointing county court judges to sit as district court judges in cases involving a felony. We disagree.

A division of this court rejected the same argument in *People v. Johnson*, 77 P.3d 845, 847 (Colo.App.2003). We find the reasoning of *Johnson* persuasive and, following it here, conclude it is dispositive of this contention.

Accordingly, the order granting deferred judgment and sentence and the restitution order are affirmed.

Judge ROTHENBERG and Judge LOEB concur.