The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Czeslaw W. JACHNIK, Defendant–Appellant.

No. 04CA1046.

Colorado Court of Appeals, Div. IV.

May 19, 2005.

Rehearing Denied June 16, 2005.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Christopher C. Beasley, Denver, Colorado, for Defendant–Appellant.

WEBB, J.

Defendant, Czeslaw W. Jachnik, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two felonies on the basis that the court lacked jurisdiction. Defendant also appeals the order denying his motion for a new trial. We reverse the order, vacate the judgment, and remand for a new trial.

The day trial was scheduled to begin, the district court judge said that, because of crowded docket conditions, neither he nor any other district court judge was available to try the case. The judge then transferred the case to a county court division.

A county court judge conducted the trial over defendant's jurisdictional objection. The court noted the objection but proceeded

to trial without making any findings regarding the basis for its jurisdiction.

After sentencing, defendant filed a motion for new trial in which he argued that his conviction and sentence are void because the district court unconstitutionally assigned his case to a county court judge who lacked jurisdiction to try, enter judgment on, or impose sentence in a felony case. The county court denied the motion, citing *People v. Johnson,* 77 P.3d 845 (Colo.App.2003), but did not make any findings in support of its jurisdiction.

■ Courts, not judges, are vested with jurisdiction. *See In re Marriage of Glenn,* 60 P.3d 775 (Colo.App.2002); *People v. Rodriguez,* 799 P.2d 452 (Colo.App.1990). Under art. VI, § 9(1) of the Colorado Constitution, district courts have original jurisdiction in felony cases, with exceptions not relevant here.

Nonetheless, a county court judge may sit as a district court judge and exercise the jurisdiction of the district court, provided the chief justice has delegated such authority to the chief judge and the chief judge then makes the assignment. *People v. Johnson, supra; People v. Torkelson,* 22 P.3d 560 (Colo.App.2000); *People v. Rodriguez, supra; see also* Colo. Const. art. VI, § 5(3) (the chief justice has the power to assign a county court judge "temporarily to perform judicial duties in any county court . . . or assign . . . said judge to any other court"); Colo. Const. art. VI, § 5(4) (the chief justice is authorized to delegate such authority to the chief judge of each district as he or she deems appropriate); § 13–6–218, C.R.S.2004 (codifying Colo. Const. art. VI, § 5(3)).

■ However, absent a valid appointment order, a county court judge lacks jurisdiction to act as a district court judge and preside over any stage of a felony trial. Thus, a verdict reached under such circumstances is void. *People v. Torkelson, supra.*

■ The parties cite no case, nor have we found one, addressing the People's burden to prove the jurisdiction of a county court judge to preside over a felony jury trial. The prosecution has the burden of proving that the court has subject matter jurisdiction over the case. *See, e.g., People v. Madden,* 111 P.3d 452 (Colo.2005) (noting that the prosecution has the burden of proving every element of the offense, and that one of the elements of the charged offense was that the defendant committed the crime "in the State of Colorado"); *People v. Dunaway,* 88 P.3d 619 (Colo.2004) (same). Hence, we conclude that, if the court's jurisdiction is put at issue, the burden is on the People to show that the court, whether district or county, has jurisdiction to hear the case. *Cf. Harvel v. Dist. Court,* 166 Colo. 520, 444 P.2d 629 (1968) (in civil action, plaintiff bears the burden of proving all facts essential to jurisdiction).

■ As noted in *People v. Johnson, supra,* in Chief Justice Directive 95–01(5)(b), the chief justice delegated to the chief judge of each judicial district the authority to assign qualified county judges "to any court in the district when necessary." A Chief Justice Directive is binding where, as here, it deals with matters of court administration that fall within the chief justice's authority. *People v. Cardenas,* 62 P.3d 621 (Colo.2002); *see also People v. Rodriguez, supra* (the power of assignment of judges is administrative).

By an order dated December 6, 2000, the Chief Judge of Adams County authorized all county court judges to accept pleas and conduct sentencing hearings "in all felony filings where the most serious crime the defendant pleads guilty to is a Class 4, 5, or 6 felony."

Based on the December 6, 2000, order, the division in *People v. Johnson, supra,* concluded that the county court judge properly acted as a district court judge in the defendant's felony case and thus had jurisdiction to accept his guilty plea and impose sentence.

Here, in contrast, the county court judge presided over defendant's jury trial, although the order relied on in *Johnson* does not authorize county court judges to do so.

We reject the People's request that the case be remanded to enable the district court to consider any basis, other than the order relied on in *People v. Johnson, supra,* for the county court judge's jurisdiction. Although they had ample opportunity to do so in the

trial court, the People did not cite any order by the chief judge appointing the county court judge to conduct a felony jury trial. Nor have the People identified any such order on appeal.

Accordingly, we discern no reason for further consideration of the issue and instead conclude that, because that judge did not have jurisdiction to preside over defendant's trial, he is entitled to a new trial before a district court judge.

The order denying defendant's motion for a new trial is reversed, the judgment is vacated, and the case is remanded for a new trial.

Judge ROY and Judge GRAHAM concur.