COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


TRACY L. CARMON

v.        Record No. 1061-95-2              OPINION BY
                                        JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA,                    MARCH 5, 1996
DEPARTMENT OF SOCIAL SERVICES,
DIVISION OF CHILD SUPPORT ENFORCEMENT,
ex rel. HAZEL M. JONES


            FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                    J. Peyton Farmer, Judge

            William L. Botts, III (Rappahannock Legal Services,
            on briefs), for appellant.

            Gary P. Webb, Senior Special Counsel (Betsy S.
            Elliott, Senior Special Counsel, Division of Child
            Support Enforcement; James S. Gilmore, III,
            Attorney General; William H. Hurd, Deputy Attorney
            General; Siran S. Faulders, Senior Assistant
            Attorney General, on brief), for appellee.


    Tracy L. Carmon appeals the trial court's order declaring
her to be $1,755.72 in arrears in child support.  Carmon contends
that the trial court erred in determining that she had income of
$300 per month from November 1989 through August 1991.  We hold
that the trial court did not err; therefore, we affirm the trial
court's order.

    Hazel Jones, the appellant's mother, had custody of the
appellant's son, Linwood, for thirty-eight months from July 1988
through August 1991.  Jones received benefits through the Aid to
Families With Dependent Children (AFDC) program for Linwood's
support while she had custody.  The Virginia Department of Social

Services, Division of Child Support Enforcement (DCSE) entered an administrative support order (ASO) on January 11, 1994, requiring the appellant to reimburse $2,470 of the AFDC benefits paid to Jones from July 1988 through August 1991. DCSE computed the amount of $2,470 based upon the guideline schedule in Code § 20.108.2(B) showing $65 per month for a person with income from $0 – $599 for thirty-eight months. DCSE based the $65 amount on its administrative policy construing Code § 20-108.2(B) to impose a mandatory minimum monthly child support obligation of $65 on all debtor parents with monthly income at or below $599.

Appellant contested the ASO. After an administrative hearing, DCSE held that the ASO was valid. The juvenile and domestic relations district court heard the case de novo and issued an order requiring appellant to pay $2,470. Appellant appealed to the circuit court.

In the circuit court, appellant testified that from July 1, 1988, through October 31, 1989, she was employed as a housekeeper at a motel in Richmond and that her earnings were approximately $598 per month. In November 1989, her employer terminated her employment. She unsuccessfully sought other employment in the Richmond area immediately after losing her job and periodically thereafter until August 1991.

After losing her job, appellant entered into an arrangement with the rooming house where she resided to collect the weekly rent from the other boarders and to clean the rooms that had been

vacated in exchange for a free room for herself. This arrangement began in November 1989 and continued through August 1991. The average monthly value of her room during this period was approximately $300.

At the circuit court hearing, appellant challenged the portion of the ASO covering the time period she was not employed between November 1989 and August 1991, which amounted to $1,406.17. The circuit court found that during that time, appellant had "in kind income" of $300 per month based on the agreement she had at the rooming house, and determined, based on the guidelines in Code § 20-108.2(B), that her monthly support obligation for the disputed time period was $32.50. Accordingly, the court found the total support obligation to be $1,755.72, rather than the $2,470 determined in the ASO.

## I. Jurisdiction

DCSE contends that the trial court did not have jurisdiction to decide appellant's claim, and that, consequently, this Court does not have jurisdiction to decide this appeal. Although DCSE did not raise the issue of jurisdiction in the circuit court, a jurisdictional question may be raised on appeal for the first time. See Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991).

According to DCSE, the hearing officer was barred under Code § 63.1-252.1 from conducting an administrative hearing because appellant did not file an answer within ten days of receiving

notice of the ASO.  Code § 63.1-252.1 provides, in pertinent part:

> If no answer is received by the Commissioner within ten days of the date of service or acceptance, the administrative support order shall be as provided in the notice.  The Commissioner may initiate collection procedures pursuant to this chapter. . . .  If the debtor, within ten days of the date of service of the notice, files an answer, with the Commissioner alleging defenses to the liability imposed pursuant to § 63.1-251, the debtor shall have the right to an administrative hearing.

Id.  DCSE contends that the fact that the hearing officer erroneously granted the appeal does not confer jurisdiction because hearing officers, like courts, do not have the authority to extend jurisdiction beyond that created by statute.  See Nolde Bros. v. Chalkley, 184 Va. 553, 560-61, 35 S.E.2d 827, 830 (1945).

"An important consideration in interpreting the meaning of a statute is whether it is mandatory and jurisdictional or directory and procedural."  Cheeks v. Commonwealth, 20 Va. App. 578, 582, 459 S.E.2d 107, 109 (1995); see also Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).  Code § 63.1-252.1 does not expressly mandate that all appeals of ASOs be filed within ten days of receiving notice of the ASO.  In contrast, Code § 63.1-268.1, which grants the Juvenile and Domestic Relations Court jurisdiction over appeals from administrative hearings, provides that "[s]uch appeal[s] shall be

taken within ten days of receipt of the hearing officer's decision." Id. (emphasis added). See also Mayo v. Department of Commerce, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987) ("It is well settled that `[w]hen the word `shall' appears in a statute it is generally used in an imperative or mandatory sense'"). The only mandatory language in Code § 63.1-252.1 provides that the debtor is entitled to an administrative hearing if he files an answer within ten days of receiving notice.

Although Code § 63.1-252.1 provides that the ASO "shall become effective unless [contested within ten days]," it does not create a jurisdictional bar. If the ASO is not contested within ten days of receipt, DCSE has discretion to conduct an administrative hearing. Here, DCSE granted an administrative hearing even though appellant did not file an answer within ten days of receiving notice of the ASO. Therefore, the trial court had jurisdiction over appellant's appeal.

## II. Income

The trial court found that appellant "had no cash income but in kind income of $300.00 a month in the form of room and board, which the Court impute[d] to her as actual income pursuant to VA Code § 20-108.1(B)(3)." Appellant contends the trial court erred by applying Code § 20-108.1(B)(3) because the record does not show that she was either "voluntarily unemployed or underemployed." See Brooks v. Rogers, 18 Va. App. 585, 593, 445 S.E.2d 725, 729 (1994) (holding that the record must contain

evidence sufficient "to support the trial court's implicit and necessary finding that [the appellant] was either voluntarily unemployed or underemployed"). We agree that Code § 20-108.1(B)(3) does not apply in the present case. Nonetheless, we affirm the trial court's finding that appellant had in kind income of $300 per month from November 1989 through August 1991. See Dziarnowski v. Dziarnowski, 14 Va. App. 758, 762, 418 S.E.2d 724, 726 (1992) ("When a trial court reaches the correct result for the wrong reason, its judgment will be upheld on appeal").

Code § 20-108.2(C) defines "gross income" as "all income from all sources . . . [including] income from salaries [and] wages." Id. (emphasis added). We construe this broad statutory language to include nonmonetary as well as cash income. Cf. Commissioner v. Smith, 324 U.S. 177, 181 (1945) (holding that the Internal Revenue Code "is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected"); Virginia Employment Comm'n v. A.I.M. Corp., 225 Va. 338, 350, 302 S.E.2d 534, 541 (1983) (holding that "wages" under Code § 60.2-229 includes noncash remuneration). To construe Code § 20-108.2(C) otherwise would violate the obvious purpose of the statute and would exclude income paid in a form other than cash. See Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983) ("the plain, obvious, and rational

meaning of a statute is always to be preferred to any curious, narrow, or strained construction").

Here, appellant was compensated in the form of room and board in return for her services of collecting rent and cleaning vacated rooms. The monthly rental value of the room and board the appellant received for her services was $300. Therefore, the trial court did not err in finding that appellant had in kind income of $300.

### III. Presumptive Support Obligations

DCSE, pursuant to its administrative policy, imposes a mandatory minimum support obligation against a parent with income from $0 to $599 of $65 "and leaves to the judiciary any determination as to whether this use of the guideline is unjust or inappropriate in a particular case." The appellant contends that this policy violates Code §§ 20-108.2 and 63.1-264.2, as well as federal law.[1] See 42 U.S.C. § 667(b)(2). Because the de novo hearing before the trial court annulled the judgments of all the prior proceedings, see Cox v. Cox, 16 Va. App. 146, 148, 428 S.E.2d 515, 516 (1993), we do not rule directly on the propriety of DCSE's administrative policy. See Hankins v. Virginia Beach, 182 Va. 642, 643-44, 29 S.E.2d 831, 832 (1944) ("It is not the office of courts to give opinions on abstract propositions of

---

[1] "The Virginia General Assembly amended [Code] § 20-108.2 to mirror the federal law." Richardson v. Richardson, 12 Va. App. 18, 20, 401 S.E.2d 894, 895 (1991).

law, or to decide questions upon which no rights depend, and where no relief can be afforded"). Nonetheless, we hold that the trial court correctly applied Code § 20-108.2 and did not err in determining the appellant's presumptive support obligation.

Code § 63.1-264.2 instructs DCSE to determine the amount of support obligation arrearage pursuant to the schedule of monthly child support obligations set forth in Code § 20-108.2. Code § 20-108.2(A) provides that

> [t]here shall be a <u>rebuttable presumption in any judicial or administrative proceeding</u> for child support . . . that the amount of the award which would result from the application of the guidelines set forth in this section is the correct amount of child support to be awarded.

<u>Id.</u> (emphasis added). The schedule of monthly support obligation establishes a maximum obligation of $65 for persons with combined monthly gross income between $0 and $599. Code § 20-108.2(B). "For combined monthly gross income amounts falling between amounts shown in the schedule, basic child support obligation amounts shall be extrapolated." <u>Id.</u>; <u>see also Richardson</u>, 12 Va. App. at 21, 401 S.E.2d at 896 (holding that the trial court must first compute the presumptive support obligation in accordance with the guideline set forth in Code § 20-108.2(B)). The clear import of this language and the guideline scheme is that the presumptive support obligation shall be proportional to the debtor's actual gross income. The guideline schedule is not designed to impose a greater proportional burden of support upon

the most impoverished parent.

Here, the trial court determined that the appellant's presumptive support obligation under Code § 20-108.2(B) was $32.50, and in reaching this determination, the court "note[d] that the presumptive amount of support [was] determined by extrapolation of the $65 line in [Code § 20-108.2]." This approach is mandated by Code § 20-108.2. Therefore, the trial court correctly rejected DCSE's mandatory $65 support obligation in determining the presumptive support obligation but did not err in computing the appellant's support obligation at $32.50 per month. Accordingly, we affirm the trial court's order.

<u>Affirmed.</u>