COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


MARY E. HOWARD
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1400-93-4           JUDGE LARRY G. ELDER
                                           JULY 18, 2000
JAMES T. HOWARD


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Quinlan H. Hancock, Judge

        Mary E. Howard, pro se.

        No brief or argument for appellee.


     Mary E. Howard (wife) appeals from a 1993 order of the

Circuit Court of Fairfax County (1) determining the amount of

child and spousal support to be paid to her by her former

spouse, James T. Howard (husband)[1]; (2) refusing her request to

make the figures retroactive to the date of her request for

support; and (3) failing to impose sanctions on husband's

attorney.  We hold that the bulk of the trial court's challenged

rulings did not constitute an abuse of discretion but that the

court committed reversible error in determining husband's gross

income for purposes of calculating child and spousal support by

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Wife's appeal was stayed during the pendency of husband's
bankruptcy petition.

failing to include husband's net rental income from the dental corporation, interest, dividends, capital gains, and certain clothing and tax preparation costs; improperly including in his income wife's spousal support; and in apportioning child support expenses between the parties.  Therefore, we reverse the decision of the trial court as to child and spousal support and remand for further proceedings consistent with this opinion.

I.

ANALYSIS

A.

SPOUSAL AND CHILD SUPPORT

1.  GROSS INCOME CALCULATION

"Decisions concerning both [spousal and child] support rest within the sound discretion of the trial court . . . ."  Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).  "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).  In computing a party's gross income for child support, Code § 20-108.2(C) requires the inclusion of "all income from all sources."  Such income "shall include, but not be limited to, income from salaries, wages, commissions, bonuses, . . . pensions, interest, . . . spousal

support, [and] rental income." Code § 20-108.2(C). This income "include[s] nonmonetary as well as cash income." Carmon v. Dep't of Soc. Servs., 21 Va. App. 749, 755, 467 S.E.2d 815, 818 (1996). Gross income "shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business." Code § 20-108.2(C).

A court determining spousal support also shall consider all income of the parties. See Code § 20-107.1.

a.  Imputation of Income

A spouse's voluntary underemployment may serve as a basis for the trial court to impute income to the underemployed spouse when calculating child and spousal support. See Code §§ 20-107.1, 20-108.1(B), 20-108.2(A); see also Stubblebine v. Stubblebine, 22 Va. App. 703, 708, 473 S.E.2d 72, 74 (1996) (en banc); Bennett v. Dep't of Soc. Servs. ex. rel. Bennett, 22 Va. App. 684, 691-92, 472 S.E.2d 668, 672 (1996).

Husband testified that his employment with Seylor's Dental Laboratory did not detract from his dental practice earnings because "[he] did not have the patients to replace it" and had been unable to find other suitable employment. Wife presented no evidence to refute husband's testimony, other than her general implication during cross-examination of husband that he could earn more money working as a dental hygienist than he did

working at Seylor's.  The trial court did not abuse its discretion by accepting husband's testimony and failing to impute income to husband for purposes of calculating child and spousal support.

### b.  Rental Income and Other Benefits

We hold the trial court did not err in excluding income husband received from renting a jointly owned condominium but did err in failing to include income he received from renting space in his home to his dental corporation.  Including husband's expenses for the condominium mortgage, homeowner's fees, maintenance, repairs and the like, husband claimed a net loss for rental of the condominium.  Although Code § 20-108.2(C) requires the inclusion of rental income in the gross income calculation, it also permits the deduction of reasonable business expenses.  Therefore, we hold the trial court did not abuse its discretion in concluding implicitly that husband had no net rental income attributable to the condominium for purposes of child support.  Similarly, we hold the trial court also acted within its discretion in concluding implicitly that husband had no net rental income from the condominium for purposes of spousal support.  See Code § 20-107.1.

In contrast to the expenses for the condominium, husband claimed no reasonable business expenses to be deducted from the $400 monthly income he received for rental of office space in

- 4 -

his home to his dental practice.  Although husband used the $400 monthly rental income to make his $390 monthly mortgage payment, this payment covered the mortgage for the entire house, and no evidence established what portion of the payment may have been attributable to the office portion of the house rather than the residential portion.  Under these facts, the trial court abused its discretion in failing to include the $400 rent husband received from the corporation each month in determining husband's gross income for purposes of calculating child support.  The court's failure to include this rental income in its child support calculations also calls into question whether it considered the rental income in the context of its spousal support calculations.  Therefore, we reverse and remand to the trial court for a recalculation of both child and spousal support.[2]

_____

[2] Although wife has not assigned error to the trial court's failure to include husband's 1992 interest and capital gains in his gross income, we note that both categories of receipts are income under Code § 20-108.2(C) if held to have been received contemporaneously.  See Goldhamer v. Cohen, 31 Va. App. 728, 737 n.2, 525 S.E.2d 599, 603 n.2 (2000); id. at 730, 525 S.E.2d at 604 (Elder, J., concurring).  We also note that same code section contains specific requirements regarding the consideration of spousal support payments in apportioning child support payments between parents.  It provides that "spousal support included in gross income shall be limited to spousal support paid pursuant to a pre-existing order . . . and . . . shall be deducted from the gross income of the payor when paid pursuant to a pre-existing order or written agreement between the parties to the present proceeding."  That code section also states that "'gross income' shall mean all income from all sources, and shall include . . . spousal support."  Although

Wife contends the trial court erroneously excluded from husband's gross income sums paid by his corporation for various benefits he received. We hold the court did not err in excluding sums paid for the lease and operation of an automobile; utilities; lawn care; pest control; appliances; furnishings; entertainment; meals; disability, life and health insurance, and unreimbursed medical expenses. The evidence, viewed in the light most favorable to husband, supported a finding that these costs were legitimate business expenses.

Wife contends the trial court erroneously permitted husband to deduct from his gross income expenses paid by the corporation for attorney's fees incurred in the parties' divorce proceedings. We hold the record contains insufficient evidence to establish the allegation that any such payments were made contemporaneously with the support proceeding. On brief, wife indicated that entries in the corporate checkbook showing loan repayments to Hallmark Bank & Trust totaling $5,451.73 in 1992 were for a loan used to satisfy legal fees paid by the corporation, but wife cites nothing to support this assertion, and we are unable to find any evidence in the record to support it. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 413 S.E.2d 237, 239 (1992). Therefore, we presume these payments were for

---

such errors, standing alone, negate each other in the calculation of combined gross income, they produce an incorrect allocation of child support between the parties.

a reasonable business expense listed on the corporation's expense sheet for calendar year or fiscal year 1992 and deemed deductible by the trial court.  Given the absence of evidence to rebut this inference, we hold the trial court did not abuse its discretion in permitting the deduction.

Wife also contends that the trial court erred in allowing the corporation's payment of certain expenses for clothing, fees for personal income tax preparation, and dividends and pension plan contributions without including these items as income to husband.[3]  On the issue of clothing, husband was not entitled to a reduction in gross income for the purchase of clothing not specifically required for his work as a dentist.  In addition to deductions for special shoes, pants, lab coats and the like used in his dental practice, husband also claimed deductions for a tie, sports jacket and suit all purchased from an ordinary department store, and for alterations for the suit.  These ordinary clothing items did not constitute reasonable business expenses, and the corporation's payment for these items and the

_____

[3] Although the court's failure to include most of these figures in husband's income appears to be error, they amount to only a small sum of money as compared to the calculation of husband's overall income and, standing alone, would not necessarily support the conclusion that the trial court committed reversible error in fashioning the child and spousal support awards.  Cf. Gamble v. Gamble, 14 Va. App. 558, 575, 421 S.E.2d 635, 645 (1992).  However, because we reverse and remand for the trial court's failure to include husband's more substantial rental income, we also review these issues.

- 7 -

costs for dry cleaning these and other articles of ordinary clothing, which totaled $459.55, should have been included as income to husband.

The evidence also established that husband paid his accountant with funds from the corporation and that $300 of her fees were for the preparation of his personal rather than corporate tax returns. Therefore, $300 paid by the corporation for preparation of husband's personal income tax returns should have been included in his gross income.

Finally, wife contends husband's receipt of a $100 dividend from the corporation and the corporation's contributions to the pension plan should be included in gross income. Because Code § 20-108.2(C) specifically includes dividends in gross income, we hold that failure to include this sum in husband's gross income was error. As to the pension plan contributions, we previously have held that voluntary contributions to one's pension plan are includable in gross income. See Frazer v. Frazer, 23 Va. App. 358, 377-79, 477 S.E.2d 290, 299-300 (1996) (voluntary contributions of $30,000 per year). In husband's case, however, the contributions were made directly by the corporation, were listed as mandatory by the corporate accountant, and totaled no more than $911 for calendar year 1992. Under these circumstances, we hold the court did not

abuse its discretion in failing to include these sums in husband's gross income.

Wife claims husband "laundered money" through their eldest son. However, husband testified that the corporation's original payment to the son was for cleaning of the office carpets and that the son's check to husband individually for the same amount was for payment of back rent on the condominium the son rented from father. The trial court was entitled to accept this explanation and to conclude that the cleaning of the office carpets was a reasonable business expense.

In keeping with the above, we hold the trial court abused its discretion in excluding from husband's gross income his rental income from the dental corporation and certain other benefits he received from the corporation, and we remand for a recalculation of child and spousal support.

c.   Excess Capital in Corporation

Husband testified that his accountant recommended retaining operating capital of about $23,000 in the corporate account. The accountant testified that the overhead was about forty percent. Using gross corporate receipts of approximately $184,000 for calendar year 1992, the corporation's net receipts after forty percent overhead, excluding husband's salary, would be $110,400. Subtracting husband's "elective" salary of $91,105 left corporate operating capital of approximately $19,000, an

amount lower than recommended by husband's accountant.  Finally,
the accountant's testimony established that the legitimate
expenses paid by the corporation during calendar year 1992,
adjusted for the $759.55 of expenses disallowed above, totaled
$85,592.15, making the actual overhead figure more than
forty-six percent and leaving corporate operating capital of
only approximately $7,000.

This evidence, viewed in the light most favorable to
husband, established the trial court did not abuse its
discretion in failing to adjust husband's gross income upward
based on earnings retained by the corporation.

### d.  Math Error

The trial court did not abuse its discretion in failing to
adjust husband's income based on the purported mathematical
error.  First, the accountant testified that she did not use the
erroneous figures reported by husband and relied instead on the
actual deposits in the corporate bank account.  Therefore,
viewing the evidence in the light most favorable to husband, the
error had no impact on the accountant's calculations.

Second, assuming the error did impact the accountant's
figures such that the patient income for calendar year 1992
should have been $159,580, as represented by wife, this
difference has no impact on the funds available to husband.
Under either analysis in Section I.A.1(c) concerning excess

capital in the corporation, this increase in receipts would still have left corporate operating capital at a level lower than the $23,000 amount recommended by husband's accountant. Under either formulation, the error, if any, was harmless because the increase in corporate income was not large enough to require husband to increase his elective wages under the facts of this case.

## 2.  WIFE'S NEED VERSUS HUSBAND'S ABILITY TO PAY

Because we remand the issue of spousal support for redetermination based on the trial court's failure to consider various items of additional income to husband, we do not consider wife's proportionality argument in this appeal.

### B.

### DATE FOR MODIFICATION OF SPOUSAL AND CHILD SUPPORT

Code §§ 20-108 and 20-112 provide that awards of child and spousal support "may be modified with respect to any period during which there is a pending petition for modification."  The legislature's use of the word "may" indicates that the decision whether to make a modification effective as of the date of notice of the petition to the opposing party rests within the discretion of the trial court.  Compare Code § 20-108.1(B) (as amended in 1996) (providing that "[i]n any proceeding on the issue of determining child support . . . , [l]iability for support shall be determined retroactively for the period

measured from the date that the proceeding was commenced by the filing of an action with the court" provided certain conditions are met (emphasis added)).  The court's failure to make the modification effective as of the date of wife's petition did not constitute an abuse of discretion.

### C.

### FAILURE TO SANCTION HUSBAND'S ATTORNEY

Any duty the trial court may have had to report attorney violations of the Code of Professional Responsibility is not within our jurisdiction.  The appropriate professional authority to which the trial court had a duty to report, if any, was the Virginia State Bar.  See Virginia Code of Prof. Resp., Disc. Rule 1-103.

The only authority the trial court had to sanction husband's attorney was to hold him in contempt of court.  Code § 18.2-456 provides that trial courts "may" punish officers of the court for "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."  Code § 18.2-456 (emphasis added).  A court merely has the discretion to punish for contempt but is not required to do so.  See id.; Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998).  The court was not required, simply by recognizing counsel's misrepresentations in his motion for recusal, to find counsel in contempt.  Whether to sanction

counsel for the alleged misrepresentations rested within the sound discretion of the court.

## II.

## CONCLUSION

We hold the trial court did not abuse its discretion in failing to make wife's requests for modification of support retroactive to the date of the filing of her petition or in not imposing sanctions on husband's attorney.  On the issue of husband's gross income, the court did not abuse its discretion in concluding husband was not voluntarily underemployed or underpaid by his corporation or in concluding that the possible mathematical error acknowledged by husband's accountant had no impact on its calculation of gross income.  However, we hold the trial court abused its discretion in failing to include in husband's gross income his net rental income from the dental corporation, interest, dividends, capital gains, and certain clothing and tax preparation costs; improperly including in his income wife's spousal support; and in apportioning child support expenses between the parties.  Therefore, we reverse and remand to the trial court without reaching wife's assignment of error alleging that the court improperly balanced her need for spousal support against husband's ability to pay.

<u>Affirmed in part, reversed in part and remanded.</u>

- 13 -