COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Alston
Argued at Richmond, Virginia


JEFFREY MINOR

v.      Record No. 1475-11-2

ARAMARK/VCU AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA

OPINION BY
JUDGE ROSSIE D. ALSTON, JR.
FEBRUARY 21, 2012


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Robert L. Flax (Robert L. Flax, P.C., on briefs), for appellant.

S. Vernon Priddy, III (Two Rivers Law Group, P.C., on brief), for appellees.


Jeffrey Minor (Minor) appeals a decision of the Virginia Workers' Compensation Commission (the commission) denying his request to take certain actions against Aramark/VCU and Indemnity Insurance Company of North America (appellees) after appellees paid a portion of Minor's settlement award directly to the Department of Child Support Enforcement (DCSE). Minor contends that the commission committed three errors. First, Minor argues that the commission erred in failing to require appellees to pay Minor the balance of his settlement award. Second, Minor contends that the commission erred in failing to rule that appellees should not have paid DCSE more than 65% of Minor's net settlement proceeds. Third, and finally, Minor assigns error to the commission's failure to assess a 20% late payment penalty against appellees. For the following reasons, we conclude that the commission committed no errors and affirm the decision below.

## I. BACKGROUND

Prior to bringing this action, Minor and his wife were divorced in a bilateral proceeding, with the court retaining continuing jurisdiction over both parties. As a result of the divorce, Minor was required to pay monthly child support for the care and maintenance of his daughter. These child support payments were deducted from Minor's wages and unemployment benefits through DCSE administrative support orders. These support orders obliged Minor to keep DCSE informed of any changes in his address or employment status. Throughout the instant action, Minor has claimed that he promptly notified DCSE each time his address or employment status changed.

On June 19, 2009, Minor suffered a compensable work-related injury. On September 23, 2010, the commission approved a $30,000 settlement award for Minor's workers' compensation claim. The settlement order specifically required appellees to comply with "any legally enforceable" DCSE child support lien "to the extent required by law" in the course of paying the award. The order also noted that legal fees of $6,000 and costs of $54.50 would be deducted from the award, leaving Minor's net proceeds at $23,945.50.

On an unknown date prior to the commission's approval of the settlement award, appellees received two administrative support orders from DCSE pertaining to Minor's child support obligation. The most recent order (hereinafter "the order") stated that Minor owed a child support arrearage in the amount of $22,784.46. The order commanded:

> [Y]ou are hereby ordered:
>
> 1. To immediately withhold from access by the debtor or joint account holder any property, assets, or money which is due, owing, or belonging to the debtor with a value up to the full amount of the child support debt shown above. All property above the amount of the debt shall remain the property of the debtor.

*    *    *    *    *    *    *

Failure to answer this order within the time prescribed, failure to withhold property as directed in this order, release of assets subject to this order to someone other than [DCSE], or failure to deliver the withheld property pursuant to an Order to Deliver creates a liability for you in an amount equal to 100 percent of the debt specified in this order.

\*     \*     \*     \*     \*     \*     \*

NOTICE TO DEBTOR/ABSENT PARENT:

\*     \*     \*     \*     \*     \*     \*

To the extent that any property that is the subject of this order constitutes "disposable income" as defined in [Code §] 63.2-100, the maximum percentage of that income that is subject to this order is 100%. (If previous space is blank, maximum percentage of disposable income subject to this order is 65%). Any property that does not constitute disposable income is subject to withholding in its entirety.

If you wish to contest the order, you must file a written request for an appeal hearing within 10 days from the date this notice is served on you. Send your request to the Hearing Officer . . . .

\*     \*     \*     \*     \*     \*     \*

If you disagree with the hearing officer's decision, you can file an appeal with the court within 10 days of receiving the decision.

\*     \*     \*     \*     \*     \*     \*

Code Section[s]
34-29     63.2-1953     63.2-1925     63.2-1929     63.2-1930

Minor's address was not listed on the order, and he maintained that he never received it. Minor sent approximately twenty emails to appellees between September and October 2010, inquiring about the settlement proceeds. Although appellees had multiple communications with DCSE concerning the order from August through October 2010, appellees did not inform Minor of the order or discuss the issue with him prior to paying DCSE the full amount requested: $22,784.46. This amount constituted approximately 97% of the settlement proceeds from

Minor's workers' compensation settlement award. Minor received the balance of the award minus attorneys' fees and costs in late October 2010.

On November 22, 2010, Minor requested a hearing with the commission, maintaining that appellees overpaid DCSE for child support arrearages out of the balance of his settlement award. Specifically, he argued that appellees should not have paid more than 65% of the net proceeds of the award and requested that the commission order appellees to reimburse him for the difference along with a 20% late payment penalty.

In February 2011, the deputy commissioner convened an evidentiary hearing. Minor testified to the course of events as described above. Additionally, he testified that he had planned to use the settlement proceeds to pay for a place to live, clothing, physical therapy, and tools to find work as a handyman. Minor further testified that he was homeless, sleeping outdoors, and receiving food stamps. He asserted that although he was homeless, he was able to receive mail at his girlfriend's house and had given DCSE her address. In this regard, Minor introduced DCSE computer records that he obtained from a subpoena but none of them showed that he had informed DCSE of this most recent address change. The records also did not show that Minor was ever served with the order he contests herein. Minor also stated that he contacted DCSE only after receiving the settlement payment, which was less than he had expected.

The deputy commissioner dismissed Minor's application, specifically finding that appellees were not permitted to ignore administrative support orders from DCSE. Additionally, the deputy commissioner relied on the commission's decision in Snyder v. Triplett, No. 203-61-68, 2005 VA Wrk. Comp. LEXIS 193 (Mar. 31, 2005), holding that the commission has no authority to modify an administrative order from a state child support enforcement agency. Relevant to this appeal, the deputy commissioner noted:

> [Minor] has chosen the wrong forum and the wrong procedure to
> contest the withholding percentage. The Commission has not

entered or enforced any order or process in conflict with [Code § 34-29.  The Commission has repeatedly declined to interfere in a proceeding among [Minor], [appellees], and [DCSE].

On review, the commission affirmed the deputy commissioner's decision, noting that "[i]t is well-established that the Commission has no authority to order the DCSE to change the amount it orders to be paid."  The commission also found that appellees had complied with the order as written, and thus had no choice but to comply or risk incurring liability themselves as threatened by the order.  On the issue of notice, the commission stated that while the evidence appeared to suggest that Minor was not served with the orders, the proper forum for this challenge was the circuit court, not the commission.  The commission later denied Minor's motion to reconsider, and Minor noted this appeal.

## II.  ANALYSIS

Here, Minor raises three distinct arguments in his first two assignments of error.  Minor argues that the commission should have ruled that appellees should not have paid DCSE more than 65% of his net settlement proceeds and should have ordered appellees to pay him the balance of his settlement award because:  (1) the commission should have invalidated the order; (2) the commission should have interpreted the order differently; or (3) the commission should have found that the payment violated Minor's due process rights.  We will examine each argument in turn before addressing his third assignment of error.

### A.  The Commission's Authority over DCSE Administrative Support Orders

Although this Court generally gives deference to the commission's construction of the Workers' Compensation Act on appeal, "we are 'not bound by the commission's legal analysis in this or prior cases.'"  Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting USAir, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)).  Therefore, our review of this question is *de novo*.

It cannot be disputed that Code § 65.2-700 limits the commission's jurisdiction to "[a]ll questions arising under" the Workers' Compensation Act "except as otherwise herein provided." The Workers' Compensation Act specifically makes awards, even those resulting from settlements, subject to claims for child support. Code § 65.2-531(A) ("[B]enefits paid in compensation or in compromise of a claim for compensation under this title shall be subject to claims for spousal and child support . . . .").

Although the question of the commission's jurisdiction to settle the dispute in the instant case is apparently one of first impression in this Court, the commission has repeatedly concluded that it lacks jurisdiction and authority to modify, invalidate or interpret DCSE administrative support orders. In Quinn v. Flowers Transport Inc., No. 197-02-82, 2002 VA Wrk. Comp. LEXIS 1717 (Sept. 17, 2002), the commission addressed this issue, stating:

> Should a "responsible person" (i.e. the claimant in the present proceedings) wish to contest such an order [administrative support order], Code § 63.1-250.3 [current Code § 63.2-1924] sets forth the procedures, including an administrative hearing pursuant to Code § 63.1-267.1 [current Code § 63.2-1942], with appeal to an appropriate circuit court or juvenile and domestic relations court. *Significantly, the applicable statutes do not grant the . . . Commission any authority to review or modify a withholding order issued by [DCSE.]*

Id. at *8-9 (emphasis added); see also Snyder v. Triplett, No. 203-61-68, 2005 VA Wrk. Comp. LEXIS 193, *6-7 (Mar. 31, 2005) (citing Quinn for the same proposition and holding that the commission "does not have the authority to interpret the order or to enter an award dictating how the insurer will satisfy that order"); Feltus v. Gammon Well Co., No. 235-09-38, 2009 VA Wrk. Comp. LEXIS 867 (Jan. 26, 2010) (citing Quinn and Snyder to hold the commission lacks authority to order DCSE to change its orders or interpret them).

We find the analysis in these decisions compelling.

Code § 63.2-1916 governs notice of an administrative support order, its contents, and modification, stating specifically: "Any changes in the amount of the administrative [support] order must be made pursuant to this section." It also limits a support debtor to choosing between two avenues when challenging the amount or validity of an administrative support order like the order in this case. Id. Under Code § 63.2-1916, a support debtor may either: appeal the administrative support order to DCSE ("The debtor and the obligee have 10 days from the date of receipt of the notice to file an answer with the Commissioner to exercise the right to an administrative hearing."); or commence proceedings in the juvenile and domestic relations district court (JDR court) or the circuit court ("The existence of an administrative order shall not preclude either an obligor or obligee from commencing appropriate proceedings in a [JDR court] or a circuit court.").

When engaging in statutory interpretation, we are guided by the familiar principle that "statutes concerning the same subject are to be read together, and construed, wherever possible, so as to avoid conflict between them and to permit each of them to have full operation according to their legislative purpose." Eastlack v. Commonwealth, 282 Va. 120, 125-26, 710 S.E.2d 723, 726 (2011) (citing Hood v. Commonwealth, 280 Va. 526, 541-42, 701 S.E.2d 421, 430 (2010)). Other than Code § 65.2-53.1 (recognizing that awards are subject to administrative support orders), no other section of the Workers' Compensation Act contemplates the commission's direct involvement or authority in the resolution of child support matters. Moreover, Code § 63.2-1916 specifies the remedies available to a support debtor who feels aggrieved by an administrative support order, and those remedies do not include filing a claim with the commission. Construing these two statutes to avoid conflict and allowing each to fully operate according to its legislative purpose, we find that the validity of a DCSE administrative support

- 7 -

order is not a question "arising under" the Workers' Compensation Act, or "otherwise provided for" in the Act. The commission therefore does not have the authority to modify, invalidate or interpret the order in the case at bar. Minor's remedy lies with DCSE, the JDR court, or the circuit court.

Because the commission properly determined that it lacked authority to invalidate the order as Minor requested, we affirm the commission's refusal to invalidate the order.

### B. The Commission's Interpretation of the Order

In addition to contending that the commission could have and should have invalidated the order, Minor argues that the Commonwealth's general statutes overrode the commission's interpretation of the order. Minor misconstrues the commission's decision. The commission did not engage in any interpretation of the order – it merely stated that appellees complied with what otherwise appeared to be a valid DCSE administrative support order. In making this observation the commission noted, and we agree, that appellees were essentially faced with a Hobson's Choice of paying Minor his settlement proceeds or risking their own liability for more than $22,000 to DCSE for noncompliance with the order.

As we concluded above, the commission has no authority to interpret DCSE administrative support orders like the order in this case. Interpretation of these types of orders is not, under any applicable principles of law, within the specialized knowledge of the commission. Consequently, the commission did not err in constraining its decision in this case to the proper scope of its authority.

### C. Minor's Due Process Claim

Minor next contends that his due process rights were violated because the order required appellees to pay a percentage of the proceeds that exceeded what is allowable under Code

§ 34-29. Additionally, Minor asserts that he was not served with the order prior to appellees' paying over the percentage stated in the order.

Constitutional arguments raise questions of law which we review *de novo*. Covel v. Vienna, 280 Va. 151, 163, 694 S.E.2d 609, 617 (2010).

> Under Code § 63.1-252.1 [current Code § 63.2-1916], a person responsible for the support of a child is *assured notice and an opportunity to be heard* prior to a final adjudication of any indebtedness. At the hearing, a responsible party may contest liability for the debt and the amount of the debt. . . . Therefore, *we hold that Code § 63.1-252.1* [current Code § 63.2-1916] *satisfies the constitutional requirements of due process by providing a responsible party with notice and an opportunity to be heard before the judgment is final.*

Morris v. Commonwealth, 13 Va. App. 77, 83, 408 S.E.2d 588, 592 (1991) (emphasis added).

In its disposition, the commission observed that while Minor's due process rights may have been violated, Minor was raising the argument in the wrong forum. Additionally, the commission held that it lacked jurisdiction to interpret the service requirements for DCSE administrative support orders. Consistent with our decisions on the previous assignments of error, we find that interpretation of the service requirements for DCSE's administrative support orders is not a question arising under the Workers' Compensation Act.

Minor maintains throughout his brief that he was denied due process because the time has now expired for him to request a hearing from DCSE. The contrary is true. The ten-day period for a support debtor's response to an order is not "a jurisdictional bar. If the [administrative support order] is not contested within ten days of receipt, DCSE has discretion to conduct an administrative hearing." Carmon v. Dep't of Soc. Servs., 21 Va. App. 749, 754, 467 S.E.2d 815, 818 (1996). Nothing precluded Minor from exercising his prerogative to obtain a hearing with DCSE and raising the notice issue in that forum, among the other issues he argued to the commission.

Accordingly, we find no error in the commission's determination that Minor sought relief on this issue in the wrong forum.

### D. The Late Payment Penalty

In his third assignment of error, Minor argues that the commission erred in not assessing a late payment penalty against appellees because appellees should have only paid DCSE 65% of the net settlement proceeds.[1] Because the commission appropriately concluded that it could not take any action against appellees for complying with the terms of the order, we find this argument moot and decline to address it on appeal.

### III. CONCLUSION

For the foregoing reasons, we affirm the commission's decision.

Affirmed.

---

[1] Minor also argued on brief that appellees' counsel violated the Rules of Professional Conduct by paying 97% of the settlement award to DCSE. We decline to address this argument because the commission did not address it, and Minor failed to request that the commission rule on it in his motion for reconsideration. See Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011) (refusing to consider an issue on appeal because claimant did not file a motion to reconsider after the commission failed to address an issue he raised for review (citing Williams v. Gloucester Sheriff's Dep't., 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003))).