# CIRCUIT COURT OF FAIRFAX COUNTY

Kimberly Rieger

    v.

Andrew Rieger

February 9, 2015

Case No. CL-2011-3036

BY JUDGE BRUCE D. WHITE

This matter came before the Court on April 21-23, 2014, and December 15-19, 2014, for argument on Plaintiff's motion to modify child support and Defendant's motion to modify custody and visitation. On January 22, 2015, the Court ruled on child custody and visitation. The Court then took the matter under advisement with regards to child support. Attorney's fees will be addressed at a hearing on February 13, 2015.

## Background

Kimberly and Andrew Rieger were married in 2009. During the marriage, the parties had one child. In 2009 and 2010, Defendant received a forgivable loan of approximately $900,000 as an incentive to stay with Morgan Stanley. The full $900,000 was received at that time. Each year the Defendant remains with Morgan Stanley, he is forgiven one-ninth of the principal plus interest less taxes recognized on the bonus. This money is termed "Bonus-Retention" and a "Back-End Retention Bonus" on Defendant's paystub. The parties separated in 2011 and divorced in 2012. Issues of child support were previously agreed to by the parties on March 27, 2012, and included in the final order of divorce on May 11, 2012. On April 5, 2013, Defendant filed a motion to modify visitation and legal custody. On August 15, 2013, Plaintiff filed a motion to modify and increase child support. Trial in this matter was April 21-23, 2014. On April 23, 2014, the Court granted a motion to continue the matter and discovery was re-opened regarding recently received records. Trial continued December 15-19, 2014.

Before the Court is the issue of child support. Specifically, the Court must determine whether a retention bonus earned by the Defendant and its subsequent forgiveness should be included in the Defendant's gross income for the purposes of determining child support. Both parties refer to the retention bonus and its forgiveness as "phantom income" throughout their briefs.

*Arguments*

### A. *Defendant*

Defendant argues that "phantom income" should not be included as gross income for child support calculation purposes. The "Bonus-Retention" and "Back-End Retention Bonus" must be reported every year as taxable income. Defendant argues that his actual disposable income is much lower because he does not receive actual cash in the amount that is forgiven every year.

Defendant argues that there are no Virginia appellate cases on point. Defendant states that the Kentucky Court of Appeals, however, has addressed this issue in an unpublished opinion. *Kelley v. Kelley*, 2014 Ky. App. unpub. lexis 777, at *14 (2014) (unpublished opinion). In *Kelley*, much like the present matter, the husband received a $200,000 interest free loan from his employer. Kelley's employer forgave a portion of the loan each year for the life of the loan. While the money was considered income for tax purposes, the Court stated that this income was not actually received by the husband. The Kentucky Court noted that taxation and child support serve different purposes and cautioned courts against the wholesale application of tax definitions in the support context. Thus, the Kentucky Court found that forgiven loans are not to be included in gross income for support purposes. Defendant argues that Kentucky's definition of gross income mirrors Virginia's definition.

Defendant further argues that, in Virginia, there is non-binding authority that loans do not fall within the definition of gross income. *Becerra-Cely v. Amick-Becerra*, 1997 Va. App. lexis 226, at *4 (1997) (unpublished opinion); *see also Didio v. Didio*, 2007 Va. App. lexis 453, at *17 (2007) (unpublished opinion). Defendant states that, even though money might be characterized as a loan, the Court must further consider whether the party actually receives or is entitled to receive the funds. Defendant argues that at least one judge of this Court has adopted the approach of excluding "phantom income" from gross income. *See Whealen v. Whealen*, 2004 Va. Cir. lexis 219, at *12 (Fairfax 2004). Defendant also cites *Norris v. Norris*, 1997 Va. App. lexis 535, at *9 (1997) (affirming a commissioner's finding that the husband's "phantom income" was a voluntary diversion of funds that was owed to the husband and paid to him by way of a promissory note).

Defendant argues that, unlike the *Norris* case, there is no indication that the father is diverting his earnings via a promissory note. To the contrary, Father testified that he received these funds prior to the parties' divorce.

## B. *Plaintiff*

Plaintiff argues that "phantom income" should be included as "gross income" for child support calculation purposes.

Plaintiff states that this position is supported by Virginia's child support statute. Va. Code § 20-108.2(C). The statute defines gross income as:

> all income from all sources, and shall include, but not limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, veterans' benefits, spousal support, rental income, gifts, prizes, or awards.

*Id.* Plaintiff argues that this definition is an all-inclusive definition that is intended to include all forms of income. *See Howe v. Howe*, 30 Va. App. 207, 216, 516 S.E.2d 240 (1999) (a one-time gift of $10,000 must be included in gross income); *Frazer v. Frazer*, 23 Va. App. 358, 377-78, 477 S.E.2d 290 (1996) (voluntary contributions to a retirement account must be included in income); *see Carmon v. Commonwealth Dept. of Social Servs.*, 21 Va. App. 749, 754-55, 467 S.E.2d 815 (1996) (room and board paid on behalf of employee must be included as income even though cash was not received by employee).

Plaintiff next discusses the various findings of the above cited cases. The *Carmon* Court interpreted gross income as including non-monetary income in addition to cash income. Thus, the Court required the value of room and board to be included in gross income. In *Frazer*, 23 Va. App. at 377-78, the Court stated that any income from any source is subject to inclusion unless specifically excluded. In *Frazer*, the Court deemed voluntary contributions to a retirement plan as part of that party's gross income. This trend continues in *Howe*, 30 Va. App. at 216. In determining whether to include a one-time gift of $10,000 as income, the Court stated that, "when determining child support, the emphasis should be on including, not excluding, income, especially where including the income more accurately reflects a parent's economic position and financial circumstances that year." *Id.* Finally, in *Norris v. Norris*, 1997 Va. App. lexis 535 at *9 (1997) (unpublished opinion), the Virginia Court of Appeals, addressed the issue of "phantom income" and stated that this income should be considered to be gross income for support purposes. In *Norris*, $58,000 of the husband's wages was "phantom income" because he never received the cash, but

rather he received a promissory note from his law firm because the firm did not have sufficient funds to pay. The Court deemed this income for purposes of support.

Plaintiff argues that in the present matter, the Defendant has earned the benefit of debt forgiveness. Defendant received the cash through the loan several years ago. Defendant may now keep the money loaned to him in 2007 and is no longer obligated to pay it back to his employer, due to his services rendered in 2014.

## Analysis

"When invoking the divorce court's continuing jurisdiction under Code § 20-108, following entry of a final decree of divorce, a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement." *Antonelli v. Antonelli*, 242 Va. 152, 154, 409 S.E.2d 117 (1991) (*citing Edwards v. Lowry*, 232 Va. 110, 112, 348 S.E.2d 259 (1986)). Plaintiff states that Defendant has a material increase in income since the entry of the Final Order of Divorce such that a recalculation is warranted. Pl.'s Mot. for Modification and Increase in Child Support 1-2.

Based on argument and testimony in this matter, the Court finds that the Plaintiff has met her burden of proof and there has been a material change in circumstances. Thus, the Court is charged with calculating the appropriate amount of child support owed by the payor.

There is a rebuttable presumption that the Court will follow the child support guidelines, as stated in the Code, when calculating child support. Va. Code § 20-108.2. In order to rebut the presumption, the Court shall make written findings that "the application of the guidelines would be unjust or inappropriate in a certain case as determined by relevant evidence as pertaining to the factors set out in Va. Code § 20-108.1." *Id.*

" `[T]he starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B)... .' This amount `varies according to the combined gross income of the parties and the number of children involved'." *Oley v. Branch*, 63 Va. App. 681, 689-90, 762 S.E.2d 790 (2014); Va. Code § 20-108.2. The statute does not specifically address whether loan forgiveness is income. Furthermore, no Virginia case has specifically addressed this issue of "phantom income."

The Court may construe the language of a statute according to its plain meaning where the language is unambiguous. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985) ("If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it."). However, where the language is ambiguous, the Court must engage in statutory interpretation. "The primary

objective in statutory construction is to determine and give effect to the intent of the legislature as expressed in the language of the statute." *Virginia Dep't of Health v. Kepa, Inc.*, 289 Va. 131, 766 S.E.2d 884, 2015 Va. lexis 2, at *11 (2015) (citations omitted). "If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent... ." *Id.*

In this case, while the statute includes many examples of what is included within the definition of "gross income," the statute does not specifically address whether loan forgiveness should also be included in this definition. Additionally, a review of the legislative draft file regarding Va. Code § 20-108.2 did not provide any significant insight into legislative intent behind the drafting of the definition of gross income. In order to discover the legislature's intent, this Court will look to the cases cited in the parties' briefs for assistance.

The Defendant cites *Becerra-Vely v. Amick-Becerra*, which rejects the notion that loans fell within the definition of gross income. 1997 Va. App. lexis 226, at *4 (1997) (unpublished opinion). The Court in *Didio v. Didio* came to a similar result regarding the imputation of loans. 2007 Va. App. lexis 453, at *17 (2007) (unpublished opinion). The *Didio* Court found that it is improper to impute student loans for purposes of calculating gross income for child support. *Id.* at *17-18. The present matter differs from both of these cases because the Court is not considering imputing the initial loan to Defendant's gross income.

Defendant also cites *Whealen v. Whealen*, 2004 Va. Cir. lexis 219, at *12 (Fairfax 2004). Defendant argues that the Court "appeared to accept husband's representation that a portion of his earnings were `phantom income' not to be considered when determining support." Def. Memo in Support 4. While this interpretation is possible, the Court is not inclined to attach much import to this observation because the opinion does not set forth all of the facts and circumstances necessary to come to that conclusive determination. The Defendant compares the present matter with *Norris v. Norris* (also cited by Plaintiff). 1997 Va. App. lexis 535, at *9 (1997). In *Norris*, the Court found that a promissory note from the party's employer was income. *Id.* at *4. The Court stated that this money was money the party had earned, was entitled to receive, and did receive. *Id.* The present matter differs from *Norris* because the Defendant's full loan forgiveness is not guaranteed like a promissory note; Defendant must remain as an employee for Morgan Stanley to receive this benefit.

The cases Plaintiff cites demonstrate a trend of including items as income versus excluding them. *Howe v. Howe*, 30 Va. App. 207, 216, 516 S.E.2d 240 (1999) (stating that the Court included a one-time gift of $10,000 as income and stated that the "emphasis should be on including, not excluding income"); *Frazer v. Frazer*, 23 Va. App. 358, 377-78, 477 S.E.2d 290 (1996) (stating that a party's voluntary contributions to a retirement account should

34

be included in his or her gross income for support purposes); *Cannon v. Commonwealth Dept. of Social Servs.*, 21 Va. App. 749, 754-55, 467 S.E.2d 815 (1996) (imputing value of bed and board into a party's income for purposes of support).

The only case provided by counsel that specifically addresses "phantom income" is *Kelley v. Kelley*, 2014 Ky. App. unpub. lexis 777 (2014) (unpublished). At the time of hiring, Mr. Kelley's employer provided him with stock and an interest free loan. *Id.* at *9. Each month, a portion of the loan was forgiven, which was reflected on his pay stub and reported as taxable income. *Id.* at *10. It is important to note that Mr. Kelley earned other income in addition to the amounts being forgiven each month. *Id.* at *9. The Court states that the income, as reflected on the party's pay stub, is not income actually received. *Id.* at *10. This income was previously received and spent. *Id.* Thus, the Court found that the loan forgiveness benefit enjoyed by Mr. Kelley was not gross income for purposes of establishing income for child support. *Id.* at *14.

The Court believes *Kelley v. Kelley* should be contrasted with *In re Riddle*, 125 Cal. App. 4th 1075, 23 Cal. Rptr. 3d 273 (2005), which also specifically addresses this issue of "phantom income." At the time of hiring, Mr. Riddle's employer provided him with an advance against his future earnings, which was provided as an interest bearing loan. *Id.* at 1078. Each month, a portion of the loan was forgiven, which was reflected on his paystub and reported as taxable income. It is important to note that Mr. Riddle earned other income in addition to the amounts being forgiven each month. *Id.* The Court noted that cash flow is not commensurate with income. *Id.* at 1080. In fact, the Court states that the definition of "gross income" in the support section of the Code was "lifted" from the Internal Revenue Code. *Id.* (*citing In re Marriage of Schulze*, 60 Cal. App. 4th 519, 529, 70 Cal. Rptr. 2d 488 (1997) (stating that both the support statute and the I.R.S. define income as "income from whatever source derived")). Thus, if something is determined to be "income" for tax purposes, it should be determined to be income for child support purposes. *Id.*

Other jurisdictions have addressed other types of so called "phantom income"; however, these courts' determinations do not address the same exact type of "phantom income" as presented in this matter. Courts in New York and Illinois have found "phantom income" not to be income; however, the opinions did not specify the courts' reasoning as to why it should not be counted as income. *Reed v. Reed*, 55 A.D.3d 1249, 1251, 865 N.Y.S.2d 414 (2008); *In re Marriage of Stacy Streur*, 2011 Ill. Appl. 1st 082326, 955 N.E.2d 497, 353 Ill. Dec. 30 (2011) (restating, without comment, the lower court's decision that "phantom income" is not income). Additionally, a Delaware Court found that "phantom income" is not income. *Finucan v. Finucan*, 1995 Del. Fam. Ct. lexis 42 (1995). However, the "phantom income" was a payment to a third party on behalf of the other spouse. *Id.*

at *6. The Court stated that this money was not income to the recipient because there was no additional money flowing into the household that would generate a cash flow that the party could practically use for support. *Id.*

These should be contrasted with decisions out of Wyoming, Texas, Ohio, Connecticut, and Colorado. These cases stated that "phantom income" should be included as income in determining support. The cases out of Wyoming, Texas, and Ohio dealt with "phantom income" in the form of interests in partnerships and/or corporations. *Bailey v. Bailey*, 954 P.2d 962, 967 (Wyoming 1998) (stating that income should include "bonus support," which is defined as any W2 income above base salary plus any pass through income or its imputed value, thus including stocks in a family corporation as income for purposes of support); *Matthews v. Northrup*, 2010 Tex. App. lexis 4034 (2010) (stating that a gift of an interest in a partnership, which will not distribute any profits to its partners until after the death of the general partner or in the year 2052, is income for purposes of child support and the Court could assign a reasonable amount of "deemed income" to this asset); *Marron v. Marron*, 2014 Ohio 2121, at ¶ 22 (2014) (stating that a trial court did not abuse its discretion in including husband's interest in a family owned corporation as income in support calculations because it increases the party's wealth and the party could exercise control over the investment if he so chose). *Pierce-Gardner v. Gardner*, does not include an explanation as to why the Court included "phantom income" in the support calculation. 2006 Conn. Super. lexis 1613, at *19 (2006) (unpublished opinion). Finally, in *In re Stress*, a party received money from his employer for his income taxes and to offset the cost of living abroad. 939 P.2d 500, 501 (Colorado 1997). The father contended that the tax equalization payment was only "phantom income," which was not reasonably available to him for child support payments. *Id.* at 502. The Court found that this amount was a lump-sum addition to his salary that was used to offset the lump sum withholding tax. The Court noted that this is no different than incremental withholding of taxes by employers. These withheld funds are still included in income and are not available to the employee unless they are returned as a refund. *Id.*

Of the cases that address "phantom income," the two cases that address facts most similar to the present matter are *Kelley v. Kelley* and *In re Riddle*. These cases only diverge from one another in the courts' reasoning and conclusion. One Court focuses on actual cash flow in assessing gross income; the other focuses on income as reported to the I.R.S.

While a Virginia Court has not specifically addressed the issue of "phantom income," the Virginia Court of Appeals has recently decided a case pertinent to this matter. In *Oley v. Branch*, the Court addressed three assignments of error that the Circuit Court allegedly erred in "as a matter of law by excluding certain sources of funds in its computation of Branch's

`gross income'." 63 Va. App. 681, 690, 762 S.E.2d 790 (2014). The first assignment of error involved Ms. Branch's personal injury settlement annuity. *Id.* The Court elaborated on *Whitaker v. Colbert*, 18 Va. App. 202, 442 S.E.2d 429 (1994), by stating that, "in order for a personal injury settlement to be considered income pursuant to Code § 20-108.2(C), the evidence must prove that a defined portion of the settlement generates income to the recipient rather than merely compensat[ing] for [a] past injury." *Id.* at 692. "Dispersing Branch's personal injury settlement in the form of an annuity does not change the underlying character of the source — a personal injury settlement." *Id.* at 691.

The first assignment of error is illustrative to the present matter because the "underlying character of the source" need not be forgotten in this analysis.

The second assignment of error involved Ms. Branch's free housing. The Court distinguished this case from *Carmon v. Department of Soc. Servs.*, 21 Va. App. 749, 467 S.E.2d 815 (1996). In *Carmon*, free room and board were considered "income" under Va. Code § 20-108.2(C) because the value of the room and board that Carmon received was compensation for her services. *Id.* at 754-55. The *Carmon* Court deemed this free lodging to be "nonmonetary income." *Id.* The *Oley* Court stated that, unlike Carmon, Ms. Branch's decision to live with her mother was not compensation for services; thus, it should not be included as gross income. *Oley*, 63 Va. App. at 693.

The second assignment of error is illustrative to the present matter because it finds nonmonetary income, received as compensation for services, to be within the scope of Va. Code § 20-108.2(C).

The third assignment of error involved Ms. Branch's Pell Grant. The Court noted that "a Pell Grant is distinguishable from a student loan because a Pell Grant recipient does not need to repay the grant." *Id.* at 694, n. 3. The Court stated that the Statute specifically excludes many other government assistance programs, but failed to exclude this grant. *Id.* at 695. The Court employed a maxim of statutory construction and stated that, because the General Assembly specifically chose which governmental assistance programs were excluded from "gross income," the non-enumerated programs are subject to inclusion.

The third assignment of error is illustrative because (1) the Court of Appeals chose to include a loan that was not subject to repayment as income and (2) the Court noted that, if an item was not specifically excluded from the definition of gross income by the General Assembly, the General Assembly likely intended to include it within the definition.

In calculating child support in the present matter, the Court believes that a forgivable loan, given to Defendant as a benefit of his employment, constitutes gross income for purposes of calculating child support. The underlying character of this "loan" could be considered to be either a

bonus or income, which are both included within the definition of income as found in Va. Code § 20-108.2(C). Additionally, this amount of money constitutes nonmonetary income to the Defendant. This is a benefit that Defendant receives because of his employment and as compensation for his services. Like the "room and board" benefit, "loan forgiveness" saves Defendant an amount of money every month that he would otherwise spend repaying the "loan." Finally, this "loan" is more similar to a Pell Grant and is less similar to a loan because, as long as Defendant remains employed by Morgan Stanley, it is not subject to repayment.

In the light of this finding, the Court has considered the issue of whether a downward departure is appropriate. After consideration of the facts of this particular case and the equities of this matter, a downward departure is not warranted because the presumption in favor of the guidelines has not been rebutted.

## Conclusion

For the reasons stated above, the Court finds that a retention bonus earned by the Defendant and its subsequent forgiveness should be included in the Defendant's gross income for the purposes of determining child support.